GEORGE SMITH & another, executors, *vs.* LUCY A. HAYNES.

If there is property of a testator not devised or bequeathed, his heir or next of kin may appeal from the allowance of the executor's account.

A testator by his will, in which he named his three sons, A., B. and C., gave the residue of his estate "to my three before-named sons to be equally divided between them." By a codicil he provided as follows: "I revoke and make void the legacy by my will given to A., he being since deceased." *Held*, that the share originally given by the will to A. did not pass to the survivors, but went as undevised estate.

APPEAL by Lucy A. Haynes from a decree of the Probate Court, allowing the first and final account of the executors of the will of Haman Smith. The executors moved to dismiss the appeal on the ground that the appellant was not interested in the account. At the hearing, before *Morton*, J., it appeared that Haman Smith left a will and codicil; that the material parts of the will were as follows: " I give, bequeath and devise to my three sons, Asa Dexter Smith, George Smith and Benjamin Smith, all my lands and buildings which I am possessed of at the time of my decease, wherever the same may be situated, to hold to them as an inheritance forever." " As to all the rest, residue and remainder of my estate, both real and personal, wherever the same may be found, I give the same to my three before-named sons to be equally divided between them, they paying all my just debts, funeral charges, and all the before-named legacies, and the legatees shall have a lien on all the real estate until their legacies are paid. I do appoint my son, Asa D. Smith, sole executor of this my last will and testament;" that the material part of the codicil was as follows: "I do hereby appoint and make my two sons, George Smith and Benjamin Smith, joint executors of my said will, as fully as if they had been originally in my said will appointed and made executors thereof, and I do hereby revoke and make void the legacy by my said will given to Asa D. Smith, he being since deceased;" and that the appellant was a daughter of Asa D. Smith. At the request of the parties the judge reserved for the consideration of the full court the question whether the appellant was interested in the executor's account and entitled to appeal from the allowance thereof.

*J. W. Reed,* for the appellees.

*J. P. Converse,* for the appellant.

WELLS, J. The motion to dismiss the appeal must be over-ruled. The appellant is the issue of a deceased child of the testator; and if not entitled to the same share of his estate as if he had died intestate, on the ground of his omission to provide for her in his will, she is at least entitled to a distributive share of all undevised estate. That interest gives her the right to appeal from a decree allowing the account of administration rendered by the executor.

The devise of the residue to the three sons of the testator, " to be equally divided between them," gave to each one undivided third part only. *Lombard* v. *Boyden,* 5 Allen, 249. *Whiting* v. *Cook,* 8 Allen, 63. The death of Asa D. would not affect the division. But for the revocation, the appellant would have taken her father's share. Gen. Sts. *c.* 92, § 28.

The revocation, by the codicil, of the legacy to Asa D. did not enlarge the gifts to George and Benjamin. It was a revocation and nothing more. The interests of the surviving brothers must still be determined by the language of the clause in the original will.

The argument from the presumed intention of the testator to dispose of all his estate, and the apparent intention to prefer his sons, even if sufficient to support the interpretation claimed, that the gift was joint with right of survivorship, does not aid the appellees because the interest of Asa D. has not fallen in.

*Case to stand for hearing.*