## MARY LAWLESS *vs.* ELLEN L. REAGAN.

Suffolk.    March 22. — June 29, 1880.    AMES & LORD, JJ., absent.

The stepmother of minor children, whose parents are both dead, and whose grandmother has been appointed their guardian by the Probate Court, is not a person aggrieved by the decree, within the meaning of the Gen. Sts. c. 117, § 8, so as to entitle her to appeal therefrom.

APPEAL by the stepmother of the children of Patrick Reagan, deceased, from a decree of the Probate Court, appointing their grandmother their guardian.

The petitioner moved that the appeal be dismissed, because the appellant was not a person aggrieved by the decree appealed

from; and it was so ordered. The appellant appealed to the ful¹ court.

*A. Russ,* for the appellant.

*J. W. O'Brien,* for the appellee.

COLT, J. The father and mother of minor children having died, the Probate Court appointed their grandmother guardian. The stepmother of the children appeals from this appointment; and it is objected that she has no right of appeal.

In probate cases, the right of appeal is given only to such persons as are aggrieved by the order, sentence, decree or denial appealed from. Gen. Sts. *c.* 117, § 8. The appellant claims to be a party aggrieved within the meaning of the statute, because the guardian of minors, whose parents are both dead, is entitled to their custody and tuition; Gen. Sts. *c.* 109, § 4; and the children in this case may be unjustly taken from her, although she has also filed a petition to be appointed guardian; and because the children, who have lived with and are greatly attached to her, will suffer wrong if now taken away and given to another. These are important considerations as affecting the action of the Probate Court in selecting a proper person for guardian, with reference to the welfare and best interest of the children; but they are not sufficient to give to the appellant a right to demand a revision of that action by this court. The interest which the appellant has in these children, however great, is simply a matter of affection and friendship on her part. There is no legal duty or responsibility imposed upon her for their custody or tuition; she is under no liability for their support; and has no present or prospective interest in their property. In order to give a right of appeal from the judgment of the court, it must appear that the party appealing has some pecuniary interest, or some personal right, which is immediately or remotely affected or concluded by the decree appealed from. Thus the heirs presumptive of an insane person are entitled to appeal from a decree allowing an account of his guardian. *Boynton v. Dyer,* 18 Pick. 1. Sureties on the bond of a deceased insolvent guardian may appeal from a decree settling the account of such guardian, and fixing the amount due from his estate to that of his ward. *Farrar v. Parker,* 3 Allen, 556. An administrator *de bonis non* may appeal from a decree allowing the

account of the original administrator. *Wiggin* v. *Swett*, 6 Met. 194. The creditor of a deceased person may appeal from the granting of administration; *Stebbins* v. *Palmer*, 1 Pick. 71; while the debtor cannot appeal; *Swan* v. *Picquet*, 3 Pick. 443. And a ward may appeal from a decree granting or refusing the guardianship over him. *McDonald* v. *Morton*, 1 Mass. 543. On the other hand, a creditor of the heir at law is not entitled to appeal from the probate of a will. *Smith* v. *Bradstreet*, 16 Pick. 264. Nor is one claiming under a gift *causa mortis* entitled to appeal from a decree charging the administrator with the property, because such decree in no way affects or concludes the donee's rights. *Lewis* v. *Bolitho*, 6 Gray, 137. Nor can an uncle and next friend of a *non compos* sustain an appeal from an allowance of the account of the guardian, without showing himself to be heir or creditor. *Penniman* v. *French*, 2 Mass. 140.

It would greatly obstruct and delay the proceedings of the probate courts if persons having no legal interest in the result, and no motive except that of affection and friendship for those who have a legal interest, could be permitted to appeal from the decree of that court.

The order dismissing the appeal in this case must be

*Affirmed.*