JOHN O. BACON *vs.* CHARLES E. ABBOTT & another.

Middlesex.   March 24. — June 27, 1884.   DEVENS & COLBURN, JJ., absent.

After a mortgage of land was executed, the mortgagor went into bankruptcy, but paid his creditors in full, and, after filing a bill in equity to redeem the land from the mortgage, received his discharge in bankruptcy. His assignees, at the hearing on the bill, stated that they were willing to convey the land to the proper person. *Held,* that the bill could be maintained.

On a bill in equity to redeem a mortgage, a person who became an assignee of the mortgage after maturity of the note which it was given to secure, stands in no better position than his assignor.

If a case is heard, before a single justice of this court sitting in equity, on the report of a master alone, which does not fully set forth the facts, the justice may draw inferences of fact; and the full court will not disturb his finding unless it is clearly shown to be erroneous.

BILL IN EQUITY, originally brought against Charles E. Abbott alone, to redeem land from a mortgage given by the plaintiff to Abbott, on May 26, 1876, to secure a promissory note for $200, payable in six months with interest, which mortgage and note were assigned by Abbott to Eliphaz W. Arnold on December 15, 1879. Arnold was subsequently made a party defendant. Hearing before *C. Allen,* J., who ordered a decree for the plaintiff; and the defendants appealed to the full court. The facts appear in the opinion.

*J. F. Colby & G. C. Abbott*, for the defendants.

*D. B. Gove*, for the plaintiff.

HOLMES, J.   The chief objection urged to the plaintiff's right to redeem is that, after making the mortgage, he went into bankruptcy, and that the assignees have not reconveyed the property. It appears, however, that the assignees' interest is purely technical and formal. The plaintiff was seised of the premises, by taking the rents and profits, when the bill was filed. The administration of the estate in bankruptcy was at an end. He had turned out solvent, paid his creditors in full, and seems to have been entitled to his discharge. He has been discharged since the beginning of the suit. The statement on behalf of the assignees at the hearing, that they were willing to convey to the proper person, amounted to an admission that they held the property upon a dry trust for the plaintiff. *Charman* v. *Charman*, 14 Ves. 580, 585. *Wearing* v. *Ellis*, 6 DeG., M. & G. 596, 603. The plaintiff's interest is established, therefore, and it appears also that the decree does not encroach upon the jurisdiction of the United States courts over the distribution of the bankrupt's estate. Furthermore, if the defendant Abbott had fully performed the contract which the mortgage was given to pay him for, he would have procured the reconveyance, the want of which he now sets up as a bar to this suit. Under these circumstances, we think the plaintiff is entitled to redeem. *Jones* v. *Dexter*, 125 Mass. 469; *S. C.* 130 Mass. 380, 383. *Wearing* v. *Ellis, ubi supra.*

The defendant Arnold stands in no better position than Abbott, as he took the assignment of the mortgage when the note was overdue. *Fish* v. *French*, 15 Gray, 520. The plaintiff's payment of interest while Abbott was working for him as agreed did not change the case.

After this suit was begun, and the plaintiff had moved to amend his bill by joining the defendant Arnold, but before a subpœna had been served, Arnold proceeded to sell a portion of the premises, as he alleges, under the power in the mortgage, and, as the answer admits, bought in the property through one Corey. Without considering any questions of law that might be raised on the effect of this transaction, it is enough to say that we see no reason to disturb the judge's finding, that it was

void as against the plaintiff. The master's reports were meagre and inadequate, and might properly have been recommitted; but, if the parties were content to go to a hearing upon them as they stood, the court was at liberty to draw such further inferences as might be material and as the facts found would warrant. We think they warranted the conclusion drawn.

The same principle applies to the amount to be paid by the plaintiff. We do not understand the statement in the master's report, that the amount due on the note at the time of the sale was $200 principal, and certain interest as set forth, means anything more than that those sums were due on the face of the note and had not been paid, because the report shows that the stipulated consideration ("to put the plaintiff through bankruptcy") was not furnished. If the report means more, it can only be on the ground that the services rendered were worth the amount of the note, which is not enough without an agreement connecting them with the note.                     *Decree affirmed.*