NATHANIEL PIERCE, executor, *vs.* SARAH F. GOULD.

Essex.   Nov. 4, 1886. — Jan. 6, 1887.   DEVENS, W. ALLEN, & GARDNER, JJ., absent.

If the final account of the executor of the will of A. is allowed by the Probate Court, and an administrator *de bonis non* of A.'s estate assents to the account as allowed, the debts and charges against the estate having been paid, one entitled to a share of the reversion in a trust fund to be accounted for is a "person aggrieved," within the meaning of the Pub. Sts. c. 156, § 6, giving such person a right to appeal from the decree of the Probate Court.

HOLMES, J.   This is an appeal by Sarah F. Gould from a decree of the Probate Court, allowing the final account of the executrix of the will of Thomas Pritchard, Jr., as rendered by her executor. The administrator *de bonis non* of Pritchard assented to the account as allowed. The appellant is a sister of the testator, admitted to be entitled to a share of a reversion in a fund, either under the will or under the statute of distributions, it is immaterial which. The debts and charges against the estate

have been paid. The appeal was dismissed, on the ground that the appellant had no right to enter an appeal.

There is no doubt that the administrator *de bonis non* might have appealed, if he had not seen fit to assent to the account. *Wiggin* v. *Swett*, 6 Met. 194. But we are of opinion that the appellant has the same right, and is a "person aggrieved," within the Pub. Sts. *c.* 156, § 6. It is settled that the right is not confined to those who would have been legal parties to the suit under proceedings at common law or in equity, but extends to others whose pecuniary interests are affected. *Farrar* v. *Parker*, 3 Allen, 556. *Smith* v. *Sherman*, 4 Cush. 408. *Boynton* v. *Dyer*, 18 Pick. 1. *Smith* v. *Bradstreet*, 16 Pick. 264. *Lee, appellant*, 18 Pick. 285. *Lawless* v. *Reagan*, 128 Mass. 592.

The appellant's pecuniary interests are affected by the decree in this case. In the first place, it will be observed that this is not a case where a legatee is seeking to enforce a remedy against a debtor whom an executor refuses to sue ; *Bowsher* v. *Watkins*, 1 Russ. & Myl. 277; *Yeatman* v. *Yeatman*, 7 Ch. D. 210; or against a person otherwise accountable to the estate from which his legacy is to come. *Downing* v. *Porter*, 9 Mass. 386. Such claims are one degree more remote than the present. There is no privity between the legatee and the debtor. But this is a question between the legatee and the representatives of her testator's estate. The appellant had a direct interest in the fund in the hands of the accounting executrix, before the administrator *de bonis non* was appointed. The executrix was not a mere debtor to the estate in her own hands. *Marvel* v. *Babbitt, ante,* 226. A residuary legatee "has a lien upon the fund, as it is ; and may come here for the specific fund." *M'Leod* v. *Drummond,* 17 Ves. 152, 169. See *Wilson* v. *Moore*, 1 Myl. & K. 126, 337.

As the amount the appellant would receive depended on the amount of the estate when all debts were paid, and as she was entitled to insist on receiving that amount from the estate as an identified trust fund, she was entitled to insist on the estate being kept up to its proper amount by whatever person held it for the time being. She therefore had a right against the executrix, independent of that of the administrator *de bonis non*, that the executrix should turn over the whole amount for which she was accountable; and, if the executrix had not kept that amount

of assets distinct, to have the trust fund made good by suit upon her bond. The appellant must have the right against the administrator *de bonis non*, in like manner, to insist on his collecting and receiving the whole trust fund which ought to come to his hands. The latter is now a mere dry trustee, as all debts and charges are paid. See *Bacon* v. *Abbott*, 137 Mass. 397, 398. Even if he could be made answerable on his bond, if he assented to a decree for a less sum than it should be, the appellant has a right to insist on receiving her share of the assets as such, instead of being driven to the personal security of the bond.

But, if the appellant has not the right of appeal, it is hard to see how she is to be protected in any way. It would seem paradoxical that the decree should conclusively establish, in favor of the executrix against a party interested in the fund, that she was accountable for no more, as it undoubtedly would, and yet leave it open to charge the administrator for not having collected more. See *Harvard College* v. *Amory*, 9 Pick, 446, 464. If, for any reason, the appellant would be concluded by the decree, she has the right to appeal from it. *Farrar* v. *Parker, ubi supra.* *Lewis* v. *Bolitho*, 6 Gray, 137.

We may add with regard to *Downing* v. *Porter, ubi supra*, as we have partly intimated already, that there the appellant had no interest in the estate of the testator, which was the subject of the account, but only in the estate of a residuary legatee of the testator. Besides, there was nothing to show that the residuary legatee's administrator would not have taken an appeal if requested.

The foregoing reasoning applies with equal force, if it should be held that the appellant's claim was outside of the will. See *Smith* v. *Haynes*, 111 Mass. 346.

*Appeal to stand for hearing.*

*F. H. Pearl*, for the appellant.

*W. D. Northend*, for the appellee.