JOB T. WILSON *vs.* CHARLES WINSLOW & another.

Bristol. Oct. 26. — Nov. 23, 1887. C. ALLEN & KNOWLTON, JJ., absent.

An assignee in bankruptcy made a contract with the bankrupt to convey to him a parcel of land belonging to the estate, and was authorized by a decree of court so to convey it. At the request of the bankrupt, after the price was paid, the land was conveyed to the bankrupt's wife, and the deed was delivered to him as his wife's agent. *Held*, that the conveyance was valid, and that the bankrupt could not maintain an action for a subsequent trespass committed on the land.

HOLMES, J. This is an action for the conversion of certain wood, and for trespass to land which had belonged to the plaintiff before he went into bankruptcy. The defendants claim title as devisees of the plaintiff's wife, to whom the plaintiff's assignees in bankruptcy conveyed the premises.

The first difficulty which the plaintiff has to encounter in the attempt to maintain an action at law is, that, if the conveyance were void, the legal title would be in the assignees, not in him. *Bacon* v. *Abbott*, 137 Mass. 397. But the conveyance was valid. It was authorized by the decree giving the assignees leave to sell to the plaintiff, as the plaintiff requested that it should be made to his wife, after the price was paid as required by the decree. For the same reason, the plaintiff could not set up that the conveyance was against the terms of the assignees' contract with him, if it was, and if that fact would make any difference on a question of legal title. The court found that the deed was delivered to the plaintiff as his wife's agent, and the exceptions state that there was evidence to support the finding. We see nothing in the case requiring discussion. The suggestion that a conveyance by assignees to the bankrupt's wife is void, on the same grounds as a sale on execution to the debtor's wife, is plainly unfounded. In the latter case the officer has only a power, and the title would pass direct from husband to wife. *Stetson* v. *O'Sullivan*, 8 Allen, 321. In the former, the assignees have title in themselves. *Exceptions overruled.*

J. M. Wood, for the plaintiff.
J. M. Morton, for the defendants.