CHARLES E. WITHAM, APPELLANT, from Decree of JUDGE OF PROBATE.

Franklin.    Opinion March 30, 1893.

*Probate. Appeal. Guardian. Bond. R. S., c. 63, § 24; c. 64, § § 23, 24; c. 67, § 2.*

A ward may appeal from a decree granting or refusing guardianship over him.
It is not necessary to the validity of such appeal that a bond be filed with the reasons of appeal, in the probate office, as required by R. S., c. 63, § 24, in other cases.

ON EXCEPTIONS.
The case is stated in the opinion.

*E. O. Greenleaf*, for appellant.
*B. Emery Pratt*, for adverse party.

FOSTER, J. The appellant, a minor above the age of fourteen years, nominated a guardian in accordance with the provisions of R. S., c. 67 § 2. Upon hearing before the judge of probate, the nomination was not approved, and thereupon he nominated and appointed Isaac D. Newman as guardian. From this decree an appeal was seasonably taken to the Supreme Court of Probate under R. S., c. 64, § § 23, 24, the reasons of appeal being duly filed. On the second day of the term of the appellate court, Isaac D. Newman by his attorney appeared and filed a motion to dismiss the appeal for the reason that no bond had been filed with the reasons of appeal. The court overruled the motion, and the adverse party excepted.

The only question to be settled, as the case is presented to us, is whether the appeal was properly taken, no bond having been filed.

We think it was.

It has been settled that a ward may appeal from a decree granting or refusing the guardianship over him. *Lawless* v. *Reagan*, 128 Mass. 592, 594.

Our statute in relation to the requirement of bonds by appellants in probate proceedings is based upon and substantially the same as the Massachusetts act of March 12, 1784, the 4th section of which provided that bonds should be given and filed in the probate office by the appellant from any decree, order, &c., of the judge of probate, for the prosecution thereof, and for the payment of costs, &c. The provisions of that act were general, and no exception was made in favor of infants or insane persons. Yet the court of that State, in the earliest case reported in which that act was invoked and objection raised, as in this case, that no bond had been filed, held, that on an appeal from a decree of the judge of probate in relation to the guardianship of a person *non compos*, on application to have the guardianship revoked, the applicant need not give bonds to prosecute the appeal. *McDonald* v. *Morton*, 1 Mass. 543. The reasons why no bonds are necessary in such cases are fully stated by the court in that case.

An exception was incorporated into the statute in this State (R. S., 1841, c. 105, § 26) which expressly provided that "in case of any controversy between a supposed insane person or other person under guardianship, with his guardian, the supreme court may, at their discretion, sustain an appeal on the part of the ward, although no bond may have been executed, or filed, as aforesaid."

And our present statute (R. S., c. 63, § 24) is substantially like the foregoing, though more condensed, and in which is this exception : "but in case of controversy between a person under guardianship and his guardian, the Supreme Court may sustain an appeal on the part of the ward without such bond."

This statute is in the furtherance of justice and is to receive

a liberal construction. There can be no doubt that it was the intention of the legislature to relieve appellants, who were incapable of contracting, from the necessity of filing bonds in cases of appeals where the guardian was a party. If the reasons are correct why no bond should be required in the case of an insane person appealing under a statute general in its provisions in regard to the requirement of bonds, as was the case of *McDonald* v. *Morton, supra, a fortiori* the same reasons would apply in the case of an infant under a statute which excepts that class and expressly provides that they need not furnish bonds.

The reasons given by the court in the case to which we have referred are pertinent to the case before us, notwithstanding the appointment was made by the probate judge and an appeal taken therefrom. It falls within the spirit of the statute exception.

*Exceptions overruled.*

PETERS, C. J., WALTON, LIBBEY and HASKELL, JJ., concurred.