CHARLES P. STOCKTON v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF NEWARK.

1. An assessment imposed by commissioners of adjustment, proceeding under the Martin act, in a case within their jurisdiction, will not be reviewed by *certiorari* upon a contention of fact made before them and fully heard and considered, when their adjudication thereon has been also considered by the Circuit judge, who, after such consideration, has confirmed their report.

2. Under section 10 of that act, a *certiorari*, when available to review such assessments, must be applied for within six months from their confirmation.

On *certiorari.*

Argued at February Term, 1895, before Justices VAN SYCKEL, MAGIE and GARRISON.

For the prosecutor, *Adrian Riker.*

For the city, *Sherrerd Depue.*

The opinion of the court was delivered by

MAGIE, J. Prosecutor by this writ assails the validity of an assessment for benefits imposed upon lands in the city of Newark, by commissioners of adjustment proceeding under the act known as the Martin act. *Rev. Sup., p.* 608.

It appears from the return and affidavits that in 1871 the city council passed an ordinance for the opening of Milford avenue through the lands of one Lord and others; that in 1871 or 1872 an award for damages was made to the owners of lands taken, and among others to Lord, to the amount of $2,053.50, which sum was afterward paid him; that in 1872 an assessment for benefits was made which imposed upon the remaining lands of Lord $3,628.80, which assessment has never been paid; that prosecutor afterward became the owner of said lands by conveyance from Lord.

It further appears that the commissioners of adjustment reported the assessment made by them, which was for $1,120, to the Circuit judge, who sent back the matter to them for reconsideration; that the commissioners again reported it, with their reasons for adhering to their former determinations, to the judge, by whom it was confirmed on January 24th, 1888.

By the terms of the Martin act, the assessment thereby became final and conclusive, both upon the city and upon persons having an interest in the lands affected.

Prosecutor does not question the jurisdiction of the commissioners to make this assessment. It is clear that the matter was within their jurisdiction, for there had been an improvement and an assessment therefor at least attempted, and payment of that assessment had not been made. The jurisdiction did not fail, even if the former assessment was under invalid legislation, or had been vacated for that reason. *Norris* v. *Elizabeth,* 22 *Vroom* 485; *Protestant Foster Home* v. *Newark,* 23 *Id.* 138.

Prosecutor's sole objection to the assessment is put upon the ground that the commissioners did not take into consideration the alleged fact that Lord and other of the landowners

to whom damages were awarded and paid, had, previous to the passage of the ordinance, dedicated the whole or a large part of the lands within Milford avenue to public use as a street. The contention is that the award for damages in 1871 or in 1872, should have been only for nominal, or at least for much smaller damages, and that the commissioners should have cured that ancient error by diminishing the imposition on the lands in which prosecutor has an interest.

If Lord remained the owner of those lands, it seems very clear that he would be estopped from denying the validity of the assessment made and paid to him. It may well be questioned whether one in privity of estate with Lord may not also be estopped. And I think it admits of question whether the commissioners of adjustment, even under the broad powers conferred by the Martin act, could go behind and review the determination of the expenses and costs of the improvement for which the assessment is to be made.

But waiving these questions and examining the proofs on which prosecutor grounds his claim, I have reached the conclusion that there is no sufficient evidence of the alleged dedication or that the original award of damages was erroneous or excessive.

While I express this opinion on the facts, I must also declare that the case is not one for review by *certiorari*, and this writ was improvidently issued.

Prosecutor's present contention was properly made before the commissioners and considered by them. They considered the facts which have been relied on before us, and held that no dedication as claimed had been made. Their report, with their reasons, was considered by the Circuit judge and confirmed. Such a confirmation imparts to the assessment a force which has been held to forbid a review by *certiorari* because of irregularities in the commissioners' proceedings, or because their assessments are undue or excessive, or because of mistakes in the manner of making the assessment. *Benedictine Sisters* v. *Elizabeth,* 21 *Vroom* 347.

For another reason the writ was improvidently issued.

The assessment was confirmed January 24th, 1888. The writ was allowed January 12th, 1892.

Upon well-settled rules, prosecutor would probably be charged with laches in permitting nearly four years to elapse before seeking relief from this assessment, unless there was shown to be some excuse for the great delay. No excuse has been shown. But the lapse of time brings this writ within the express prohibition of section 10 of the Martin act, which enacts that no *certiorari* shall be allowed to contest or set aside any assessment made under the act, unless it is applied for within six months from the confirmation of the commissioners' report.

For these reasons the writ must be dismissed, with costs.