Lanning *v.* Chosen Freeholders.

---

ROBERT LANNING

*v.*

THE CHOSEN FREEHOLDERS OF THE COUNTY OF MERCER.

[Filed December 1st, 1902.]

Where a tract of land was overassessed for a macadam road, owing to a mistake by the commissioners as to the number of acres in the tract, and the owner did not receive notice of hearing for confirmation

or of confirmation given as ordered by the court, pursuant to *Gen. Stat. p. 2907 §§ 421, 426,* until after the expiration of the thirty days from the confirmation, within which time *certiorari* was, by such statute authorized, the supreme court could declare such limitation unreasonable in such case, and a bill filed by the owner to restrain the collection of the excessive assessment should show that he had already applied to such court for a writ of *certiorari* on such facts, and should also show clearly the facts regarding his failure to see the published notice.

On motion to strike out the bill for want of equity.

The complainant sets up that his property was specially assessed for a macadam road in the county of Mercer, and that the commissioners fixed as the basis of such assessment the rate of $3 per acre, but that, by a mistake in respect to the acreage of his property, he was assessed the sum of $140 instead of $65.22.

All persons interested in the report of the commissioners were ordered to appear before the circuit court of Mercer county on January 21st, 1902, which order was duly published in two newspapers, as directed in the order. On that day the report was confirmed. The complainant says that he had no actual notice of the day, and that the first information he had of the report was when he received his notice from the collector, on the 9th day of June, 1902. He then applied to the circuit court for relief, which was refused on the ground of want of jurisdiction in the circuit court to correct the report after it had been confirmed. The prayer of the bill is that the report may be corrected, and that the board of chosen freeholders may be enjoined from receiving more than $65.22.

*Mr. Aaron V. Dawes,* for the complainant.

*Mr. J. Lefferts Conard,* for the defendant.

Reed, V. C.

The usual remedy for an irregularity in the imposition of taxes or assessments is by a writ of *certiorari.* To warrant the interference of a court of equity there must be some peculiar

ground of equity jurisdiction. *Hoagland* v. *Township of Dela-ware, 2 C. E. Gr. 106; Hoboken Land and Improvement Co.* v. *Hoboken, 4 Stew. Eq. 463.*

It is insisted that jurisdiction is acquired by this court in this case because of the presence of the element of accident; and this accident is said to arise from the fact that the commissioners mistook the acreage of the land to be assessed. Such a mistake, however, was a mere irregularity, entirely remediable by a writ of *certiorari.* The accident, if it exists at all, arises out of the fact that the complainant did not happen to see the notice published in the two newspapers. Had he received notice of the time which the circuit court had fixed for the hearing of the parties assessed, there would be no possible ground for invoking the aid of a court of equity.

The scheme provided for the imposition of the assessment is to be found in *Gen. Stat. p. 2007* §§ *421, 426.* The scheme includes—*first,* an application for the appointment of commissioners to make the assessment; *secondly,* a hearing before the commissioners of the parties interested; *thirdly,* a report to the circuit court by the commissioners; *fourthly,* upon the coming in of the report notice to be given to the parties interested of the time and place of hearing any objections that may be made to such assessment, and the notice shall be such as the circuit court shall deem proper; *fifthly,* the confirmation of the report or a reference back to the commissioners for correction until a report is obtained which is confirmed; *sixthly,* a designation by the court of what notice, if any, shall be given, by publication and otherwise, of the confirmation of the report.

The act also provides that no *certiorari* shall be allowed after thirty days from the making of the order confirming the assessment.

The act also declares that the report of the commissioners, when confirmed, shall be final and conclusive.

The effect of the latter declaration in similar statutes has received judicial consideration in the cases of *Benedictine Sisters* v. *Elizabeth, 21 Vr. 347; Stockton* v. *Newark, 29 Vr. 116; Brown* v. *Town of Union, 33 Vr. 142, 147.*

This declaration, coupled with the thirty days' limitation of

time within which period the issuance of a *certiorari* is confined, deprives the complainant, as he insists, of any legal remedy. If I were satisfied that there was no legal remedy, and that the complainant, without fault on his part, failed to be apprised of the time and place of the hearing before the circuit court, I should regard it as a case for equitable interference. Says Mr. Freeman: "A party who has been wronged by being judged without opportunity to make defence, may avoid the adjudication in various ways," and one of these ways he indicates is equitable aid to prevent the execution of a judgment.

To this same purport is the text of *Freem. Judg.* § *134* and *High Inj.* § *222.* A defendant in a judgment at law, who has a defence which he might have successfully made at law had he had an opportunity, but who is prevented from doing so by accident, unmixed with negligence, may have the benefit of his defence by suit in equity. *Herbert* v. *Herbert, 4 Dick. Ch. Rep. 70.*

In this case, however, it is not clear to my mind that the complainant is without means of redress at law. None of the cases cited concerning the statutory declaration, as to the final and conclusive character of the confirmed report of the commissioners, deals with the circumstance that an assessed party failed to appear before the circuit court because of insufficient notice of the time and place of hearing, or because, by accident, he failed to receive notice.

In respect to the thirty days' limitation of time within which a *certiorari* is to be allowed, the supreme court has the power to declare such limitation unreasonable in a particular case. *Greene* v. *Jersey City, 13 Vr. 118, 565; Van Anglen* v. *Bayonne, 27 Vr. 463.*

I am of the opinion that it should appear that the complainant had already applied to the supreme court for a writ upon the facts disclosed to this court in this bill.

I will remark, also, that the facts regarding the failure of the complainant to see the published notice are not stated in the bill with that degree of fullness which the case requires. This is the very point upon which complainant's right to relief must rest; and all the circumstances should be disclosed, so that

the court can see that the failure to receive notice was not the fault of the complainant.

Indeed, the defendant insists that the bill itself shows that the complainant must have been negligent in not having obtained knowledge of the time and place of hearing. I cannot draw such a conclusion from the meagre facts stated.

It is perceived that no time is fixed by the statute within which the report shall be filed. It may be filed in three days or in three months after the hearing before the commissioners.

It is also perceived that the statute itself does not prescribe the kind of notice which shall be given. Indeed, it does not say whether the notice is to be a personal notice or constructive notice; or personal notice to known or resident owners, and constructive to non-resident owners; and in respect to constructive notice, the statute does not require that it shall be published in any particular way or in any specified class of newspapers. The person assessed, therefore, has no hint from the statute that he might expect a notice to be published in any class of papers or ·in any newspaper at all. Indeed, it might be a query whether the legislature intended to empower the court to direct constructive notice to be given to resident owners at all. The statutory direction is that the court shall cause such notice to be given as it shall deem proper of the time and place of hearing objections to the assessment. It is to be observed, also, that in directing the notice of the confirmation of the assessment to be given, if given at all, the act directs that it shall be given by *publication or otherwise,* while in respect to the other notice publication is not mentioned.

Upon the other ground I think the bill should be struck out.