GEORGE M. KLINE & others *vs.* SARAH C. SHAPLEY.

Suffolk.    January 6, 1919. — March 31, 1919.

Present: RUGG, C. J., BRALEY, CROSBY, & PIERCE, JJ.

*Massachusetts Commission on Mental Diseases. Public Officers. Insane Person. Probate Court, Appeal. Words, "Person . . . aggrieved."*

A majority of the Massachusetts commission on mental diseases, in filing and prosecuting a petition for the appointment of a guardian of a person alleged by them to be insane, act solely in their capacity as public officers.

When a public officer has a duty to perform or a right to vindicate in any proceeding in the Probate Court, he is a "person . . . aggrieved" by an adverse decision and therefore under R. L. c. 162, § 9, may appeal therefrom.

A majority of the Massachusetts commission on mental diseases may appeal from a decree of the Probate Court dismissing a petition filed by them for the appointment of a guardian of a person alleged by them to be insane.

PETITION, filed in the Probate Court for the County of Middlesex on September 14, 1918, by a majority of the Massachusetts commission on mental diseases, for the appointment of a guardian of Sarah C. Shapley of Newton, alleged to be an insane person.

In the Probate Court, *Chamberlain,* J., found that Sarah C. Shapley was not an insane person and denied the petition. The petitioners claimed an appeal "by their attorney, Arthur Thad Smith, Special Assistant Attorney General."

In the Supreme Judicial Court, the respondent filed a motion to dismiss the appeal. *Carroll,* J., denied the motion and, being of opinion that his order so affected the merits of the controversy that the matter ought, before further proceedings, to be determined by the full court, reported it for determination by the full court.

*J. A. Keown,* for the respondent.

*A. T. Smith,* Special Assistant Attorney General, for the petitioners.

CROSBY, J. This case is before us upon a report of a single justice of this court who denied a motion to dismiss the appeal. The appellants, describing themselves as a majority of the Massachusetts commission on mental diseases, filed in the Probate Court a petition for the appointment of a guardian of the respondent, who was alleged to be insane and confined in the Medfield State Hospital. The judge of probate found that the respondent was not an insane person and entered a decree dismissing the petition. The petitioners by their attorney as "Special Assistant Attorney General" claimed an appeal from the decree, and the respondent filed the motion to dismiss the appeal which is before us.

It is provided by St. 1909, c. 504, § 99, that "If the relatives or friends of an insane person, or the mayor and aldermen of a city or the selectmen of a town in which he is an inhabitant or resident, or the State board of insanity, apply to the Probate Court to have a guardian appointed for him," the court, after causing the statutory notices to be given, may appoint a guardian of his person and estate.

The State board of insanity was abolished by St. 1916, c. 285, § 1, and all the rights, powers and duties of the board were transferred to the Massachusetts commission on mental diseases as the successor of the board.

While no right of appeal from a decree of the Probate Court is expressly given by the statute above referred to, it is the contention of the petitioners that they are entitled to maintain the appeal, first, because they are parties to the proceeding; and secondly, because they are persons aggrieved by the decree. R. L. c. 162, § 9.

It is provided by R. L. c. 162, § 8, that this court shall be the Supreme Court of Probate and shall have appellate jurisdiction of all matters which are determinable by the Probate Court "except as otherwise expressly provided." To entitle either a person or a party to appeal, the appealing party must be aggrieved by the decree. A person who is aggrieved by a decree of the Probate Court is by § 9 expressly authorized to appeal whether he is a party to the proceedings or not, it being the purpose of the statute to include, as was said in *Farrar* v. *Parker*, 3 Allen, 556, "a wider range of persons than those entitled to an appeal in other courts."

The question is, are the petitioners persons "aggrieved" by the decree within the meaning of the statute? In filing the petition and in the proceedings subsequently taken by them they acted solely in their capacity as public officers. They are representatives of the Commonwealth. They are charged with the performance of important and responsible duties concerning the treatment and welfare of a large class of unfortunate persons, and are bound to safeguard the interests of the Commonwealth and the community at large.

It is manifest that under R. L. c. 87, § 8, and by other sections of that chapter the petitioners are clothed with large executive, supervisory and discretionary powers.

In *Lawless* v. *Reagan*, 128 Mass. 592, it was said by Mr. Justice Colt that "In order to give a right of appeal from the judgment of the [probate] court, it must appear that the party appealing has some pecuniary interest, or some personal right, which is immediately or remotely affected or concluded by the decree appealed from." In that case it was held that the stepmother of minor children whose parents were both dead and whose grandmother had been appointed their guardian by the Probate Court was not a person aggrieved by the decree within the meaning of Gen. Sts. c. 117, § 8, (now R. L. c. 162, § 9,) so as to entitle her to an appeal therefrom. The reason for the rule as stated in the

opinion being that "it would greatly obstruct and delay the pro-ceedings of the probate courts if persons having no legal interest in the result, and no motive except that of affection and friend-ship for those who have a legal interest, could be permitted to appeal from the decree of that court." That case has been cited with approval and followed by this court in numerous decisions. *Pierce* v. *Gould*, 143 Mass. 234. *Leyland* v. *Leyland*, 186 Mass. 420. *Ensign* v. *Faxon*, 224 Mass. 145.

It is to be observed that in *Lawless* v. *Reagan, supra,* and in all other cases where this court has been called upon to decide whether the appealing party was a "person . . . aggrieved" the appellant was an individual having no private interest as distinguished from that of a public officer charged with the performance of official duties.

The definition of a "person . . . aggrieved" as these words are used in R. L. c. 162, § 9, and referred to in *Lawless* v. *Reagan, supra,* was not made with reference to public officers, and does not re-strict in any degree our power and duty to give these words a different meaning when applied to an appellant who is a public officer.

As was said in *Swan* v. *Justices of the Superior Court,* 222 Mass. 542, at page 545, "Every opinion must be read in the light of the facts then presented. Statements of rules as applicable to that case cannot be taken out of their context and stretched to different circumstances not before the mind of the court."

The right of the Attorney General to appeal in matters in which he can have no private interest is recognized. *Attorney General* v. *Union Society,* 116 Mass. 167. *Attorney General* v. *Metropolitan Railroad,* 125 Mass. 515.

A party "aggrieved" may allege exceptions under R. L. c. 173, § 106, and may appeal under R. L. c. 173, § 96.

The right of a judicial tribunal against which a decision had been made in a writ of prohibition to secure review by the court was recognized without question in *Mayor & Aldermen of the City of London* v. *Cox,* L. R. 2 H. L. 239; a similar decision was made respecting mandamus in *State* v. *Justices of Moore County,* 24 N. C. 430; and certiorari in *Stockton* v. *Mayor & Common Council of Newark,* 29 Vroom, 116.

The petitioners, being empowered by statute to apply to the

Probate Court to have a guardian appointed of an insane person for the protection of his person and property rights and also to safeguard the interests of the Commonwealth, plainly have such an interest as public officers in the result of the proceedings that they must be held to be persons "aggrieved" by an adverse decision.

We are of opinion that when a public officer has a duty to perform, or a right to vindicate in any proceeding in the Probate Court, he is a "person . . . aggrieved" by an adverse decision and therefore can appeal therefrom.

The decision of the single justice is affirmed and the case is to stand for hearing.

*So ordered.*