NORA DELANEY vs. GEORGE S. COOK.

Essex.    March 19, 23, 1926. — May 28, 1926.

Present: CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Probate Court, Appeal.    Guardian.    Words, "Person aggrieved."*

One, representing himself to be a "cousin and next friend" of a minor child
whose parents are dead, is not a person aggrieved by, and is not en-
titled to appeal from, a decree of a probate court denying a petition for
the removal of the child's grandfather as his guardian, where the record
does not show that the alleged "cousin and next friend" has any pecuni-
ary interest or personal right which is immediately or remotely affected
or concluded by the decree.

PETITION, filed in the Probate Court for the county of
Essex on March 27, 1925, for removal of George S. Cook,
grandfather and guardian of Clifford B. Cook, Jr., and
Brenda M. Cook, minors and children of Clifford B. Cook
and Nora Cook, late of Danvers, deceased.

In the Probate Court, the petition was heard by *Dow*, J.,
by whose order the decree described in the opinion
entered.    The petitioner appealed.

*T. N. Creed*, for the petitioner.

*D. F. O'Rourke*, for the respondent.

PIERCE, J.    The respondent, George S. Cook, was ap-
pointed guardian of two of his grandchildren, who were
minors, by a decree of the Probate Court for the County of
Essex on March 13, 1925, after a hearing.    On March 27,
1925, the petitioner, as cousin and next friend of the minors,
filed a petition to remove the guardian on the grounds that
the guardian "intends to remove said minors to Nova Scotia,
Canada, to prevent their being educated and trained in the
Roman Catholic Faith; that their material, social, financial
and educational welfare will be impaired; that said George
S. Cook is unable to provide shelter for said minors; that
. . . [he] is a man of advanced age; that in sending the
minors to Nova Scotia . . . [he] will deprive them of
the advantage of education in American schools and in the

ideals of American citizenship; that . . . in petitioning for appointment as said guardian [he] was not actuated by the best and proper motives for the future of said minors; that . . . [he] is unfit to be such guardian and is evidently unsuitable for the discharge of said trust." The guardian entered an appearance, and thereafter filed a motion to dismiss the petition for removal for the reason that said "allegations, facts and matters . . . were heard by this court at the hearing on the petition for the appointment of said George S. Cook as guardian of said Clifford B. Cook and Brenda M. Cook." After a hearing, at which a commissioner was appointed, the trial judge ruled "that the matter of said petition is *res judicata*" and "decreed, that said petition be dismissed." From this decree the petitioner duly appealed to this court.

Whether the issues presented in the petition for removal are substantial, and whether any one of them or all of them were considered by the judge of probate at the time of appointing Mr. Cook guardian, are of no moment upon this appeal, because the petitioner, "cousin and next friend" is not a person aggrieved by the decree as that word is used in the statute. G. L. c. 215, § 9. The petitioner is not next of kin; and as a next friend she has no right of appeal, because it nowhere appears that she "has some pecuniary interest, or some personal right, which is immediately or remotely affected or concluded by the decree appealed from." *Lawless* v. *Reagan*, 128 Mass. 592, 593. *Hayden* v. *Keown*, 232 Mass. 259. *Kline* v. *Shapley*, 232 Mass. 500. *Monroe* v. *Cooper*, 235 Mass. 33, 35. *Ayer* v. *Commissioners on Height of Buildings in Boston*, 242 Mass. 30, 33. *Hellier* v. *Loring*, 242 Mass. 251, 253.

*Decree affirmed with costs.*