GEORGE STANLEY HARVEY & another, guardians, *vs.*
HENRY F. WAITT.

Plymouth.   May 11, 18, 1942. — October 29, 1942.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Probate Court*, Parties, Appeal, Guardianship, Conduct of hearing. *Spendthrift. Guardian*, Of spendthrift.

A judge of a Probate Court had no authority under G. L. (Ter. Ed.) c. 215, § 29, or otherwise to dismiss an appeal which was being seasonably perfected as required by c. 231, §§ 135, 144, on the ground that the appellant was not a party aggrieved by the decree appealed from; the determination of that question was for this court.

A spendthrift under guardianship was, within G. L. (Ter. Ed.) c. 215, § 9, a party aggrieved by a decree of a Probate Court allowing a petition by his guardian for leave to compromise a claim against him, and he had a right of appeal therefrom, and that appeal might properly be taken in his name by his next friend.

Section 37 of G. L. (Ter. Ed.) c. 201 does not confer upon a guardian of a spendthrift the exclusive right to represent him upon the guardian's petition for leave to compromise a claim against him; the Probate

Court has power to appoint some other person to represent his interest in the matter.

Permitting counsel to represent a ward under guardianship as a spendthrift at a hearing of a petition by the guardian for leave to compromise a claim, to which petition counsel had filed an answer for the ward "by his next friend, his wife," was tantamount to an authorization of such representation by the next friend, and was proper.

It was error to allow a petition by a guardian of a spendthrift for leave to compromise a judgment against him upon a hearing in a Probate Court where determinative averments of the parties were contradicted, where the only agreed or undisputed facts were the existence of the judgment and of the offer of compromise, and where the respondent was not afforded an opportunity to introduce evidence in any formal way.

PETITION, filed in the Probate Court for the county of Plymouth on September 22, 1941.

An answer to the petition for leave to compromise was entitled "Answer of the ward, Henry F. Waitt, by his next friend Viola M. Waitt"; stated that in filing it he was "acting by his next friend, his wife, Viola M. Waitt," and was signed "by her attorneys, George W. Abele, S. R. Wrightington." The appeal from the decree upon that petition was by "Henry F. Waitt, by his next friend, Viola M. Waitt," and was signed "Henry F. Waitt, Viola M. Waitt, next friend, by George W. Abele, S. R. Wrightington, attorneys." The answer to the petition to dismiss the appeal and the appeal from the decree allowing that petition were stated to be, respectively, of "Henry F. Waitt by his wife and next friend," and of "Henry F. Waitt, by his next friend, Viola M. Waitt."

The case was heard by *Stone*, J.

*S. R. Wrightington*, (*G. W. Abele* with him,) for the respondent.

*G. Newhall*, for the petitioners.

DOLAN, J. This is a petition, filed in the Probate Court by the guardians of the respondent as a spendthrift, for leave to compromise a demand represented by a judgment obtained against him in the Superior Court upon which execution issued July 7, 1930, in the sum of $16,637.39. Interest from that date to the filing of the petition amounted to $11,147.05, making the total amount then claimed to be

due $27,784.44. The judgment was obtained in an action against him by his father, who died in 1940. The present petition was filed September 22, 1941. The petitioners sought authority to compromise the demand for $27,500. The respondent appeared to object by his wife and next friend and counsel. The petition came on for hearing, and on February 10, 1942, the judge entered a decree authorizing the petitioners to compromise the demand in their discretion by the payment of not more than $26,000, or to submit the same to arbitration. The respondent appealed seasonably.

On March 16, 1942, the petitioners filed a petition that the respondent's appeal be dismissed on the ground that the respondent, "being under guardianship as a spendthrift at the time of the filing . . . [of the petition for leave to compromise] and its allowance by the . . . Court, is not a party aggrieved by said decree within the meaning of the law." At the hearing of that petition counsel for the respondent moved that the respondent's wife be appointed as next friend to represent him. This motion, as well as one of the respondent for the appointment of a stenographer in accordance with the provisions of G. L. (Ter. Ed.) c. 215, §§ 12, 18, was denied by the judge, but he permitted the respondent's counsel to be heard in argument. At the conclusion of brief arguments by counsel for the parties the judge allowed the petition to dismiss the appeal, and the respondent appealed.

The docket entries, which are before us, disclose that the respondent's appeal from the decree authorizing the compromise was being seasonably perfected as required by G. L. (Ter. Ed.) c. 231, § 135 (see also § 144) when the decree dismissing it was entered. The petitioners do not contend otherwise but rely solely on the ground set forth in their petition to dismiss the appeal. The only authority conferred upon the judge to dismiss the appeal is contained in G. L. (Ter. Ed.) c. 215, § 29, which provides, so far as here material, that if "the appellant waives his appeal in writing before the copies have been transmitted to the supreme judicial court, the probate court may proceed as if

no appeal had been taken; or if he fails to cause the necessary copies to be prepared or otherwise fails to perfect his appeal, the probate court from which the appeal was taken may, upon petition of any person interested, and upon such notice to the appellant as the probate court shall order, dismiss the appeal and affirm the decree or order appealed from, and further proceed as if no appeal had been taken." Since the respondent had not failed to perfect his appeal as required by the governing statutes, the judge was without authority to enter the decree dismissing it. The question whether the respondent was a party aggrieved by the decree entered authorizing the compromise was not one for the trial judge, but was one for this court to determine. See *Monroe* v. *Cooper*, 235 Mass. 33, 34, and cases cited; *Madden* v. *Madden*, 279 Mass. 417, 421, 422. It follows that the decree entered by the judge dismissing the appeal must be reversed.

We proceed to the consideration of the respondent's appeal from the decree authorizing the compromise of the demand in question. We have already described its character.

In accordance with the request of the respondent, a stenographer was appointed to report the evidence and was duly sworn. No formal evidence was presented to the judge and the hearing consisted of extended colloquies between counsel for the parties and the judge. An attorney for the present holder of the judgment in question also spoke at some length. At the beginning of the hearing counsel for the respondent presented a motion by the wife of the respondent that she be appointed guardian ad litem to represent him in the proceedings. The judge stated that he would "hear any party on that motion." Counsel for the petitioners objected to the allowance of the motion, stating that he saw no reason why the guardians of the respondent (who were the petitioners) should not represent him. He insisted that "these parties" (the respondent and his next friend) have no standing whatsoever upon a petition to compromise, that it was too late, and that under G. L. (Ter. Ed.) c. 201, § 37, the respondent was properly

represented by the petitioning guardians.  Counsel for the respondent asserted the right of the respondent to be represented by someone other than his guardians in the proceeding.  In reply counsel for the petitioners reiterated that the respondent had no legal standing "in the case of compromise of an execution."  While the judge took no action on the motion that the respondent's wife be appointed guardian ad litem to represent his interests in the matter, he allowed counsel in behalf of the respondent to participate throughout the proceedings before him.  The discussion ran on, revolving around the question of the right of the respondent to be heard and the question whether evidence of certain alleged facts concerning the circumstances under which the judgment in question was obtained, offered by the respondent, could be admitted and considered.  The respondent, in substance, offered to prove that when the judgment was obtained he was under the guardianship of the petitioners, as now; that the petitioner Mr. Harvey was the general counsel for the respondent's father, the plaintiff in the action; that another lawyer prepared the writ; that Mr. Harvey appeared for the respondent and suffered judgment to go against him by default; that the purpose of the action was to secure a judgment against him, which could be satisfied upon the death of the respondent's father, when the respondent would come into a large inheritance under his grandmother's will, and which would enure to the benefit of his stepmother, whose attorney represented her in the present case.  It was the contention of the respondent that he had equitable defences to any action on the judgment to which he should be given an opportunity to respond rather than that the demand be compromised as sought by the petitioners for a sum slightly less than the face of the judgment with interest.  Counsel for the petitioners controverted these alleged facts.  The judge stated his recollection of certain testimony given by the respondent in a prior proceeding before him (a petition for discharge from guardianship) relative to the circumstances attendant upon the obtaining of the judgment. The respondent's counsel stated that his recollection of the

alleged testimony was not that of the judge, and requested the judge to permit him to have the respondent's copy of the transcript of that testimony. The judge declined because he had not checked and approved it, saying that he would not refer to it except to refresh his recollection of what the respondent had testified to in the prior proceeding. The judge did not pass upon the question whether the respondent should be permitted to present evidence of facts he had offered to prove. Neither of the petitioners testified in support of the petition, nor offered any evidence in any formal way. The respondent's counsel asked for a continuance that he might summon the petitioner Mr. Harvey, who was not present, and examine him relative to the circumstances attendant upon the obtaining of the judgment in question, stating that he had been advised by the petitioners' counsel some time before the hearing that Mr. Harvey need not be summoned and would be present, but that only the day before the hearing he had been notified that Mr. Harvey would be out of town and that the petitioners' counsel would insist that the petition be disposed of. This request, the disposition of which rested in the discretion of the judge, was impliedly denied. Toward the conclusion of the hearing the judge stated that when the petitioners "come in and ask a court to approve the settlement of any claim, the court has the right to go into the merits of the claim, and the way it arises, and the details of it," and that he did not "want to rule now, if there is any defence to the execution . . . [and that all he was] ruling . . . [was] that the contestants have a right to present to the court any legal or equitable reason why the execution should not be compromised." Counsel for the petitioners had grave doubt if that was so. Counsel for the respondent requested that he be allowed to introduce further evidence. Without response by the judge the hearing came to an end. Subsequently the judge entered a decree authorizing the compromise for not more than $26,000, and the respondent appealed.

We are of opinion that the respondent was a person aggrieved by the decree in question within the meaning of

G. L. (Ter. Ed.) c. 215, § 9. His rights and pecuniary interests were necessarily affected thereby. *Smith* v. *Bradstreet*, 16 Pick. 264. *Boynton* v. *Dyer*, 18 Pick. 1, 3. *Smith* v. *Sherman*, 4 Cush. 408, 411. *Pierce* v. *Gould*, 143 Mass. 234, 235. *Sullivan* v. *Lloyd*, 221 Mass. 108. *Monroe* v. *Cooper*, 235 Mass. 33, 34. The right of appeal was that of the respondent, was rightly taken in his name by his next friend (see *Madden* v. *Madden*, 279 Mass. 417, 424), and is properly before us.

The contention of the petitioners that they had the exclusive right to represent the respondent as his guardians under G. L. (Ter. Ed.) c. 201, § 37, is not supported by the terms of the statute. Under that statute their right to represent him is limited by the authority conferred upon the judge to appoint some other person to represent his interests in the matter. Although it appears in the record that a motion to that effect was denied by the judge, the docket entry is to the effect that it was allowed. In any event, the judge ruled that the respondent was entitled to be heard and permitted his counsel to appear and be heard throughout the hearing. We treat that as tantamount to an authorization that the next friend should represent him in the case. That was proper. The proceeding was brought by his guardians for their protection. He was the party respondent. It was inappropriate, upon his objection, that the petitioners should represent him. They could not properly assert the exclusive right to do so and contend that, except as so represented, he must stand mute. Had the petitioners seen fit to compromise the demand in question without recourse to the Probate Court under the statute, they would have done so subject to the risk of having their action attacked upon their accounting, in which they could not represent the respondent. See G. L. (Ter. Ed.) c. 206, § 24, as amended by St. 1938, c. 154, § 1; *Forbes* v. *Allen*, 240 Mass. 363. We think the rule is the same where the guardian, as here, seeks authority in the first instance to compromise the demand.

The respondent has argued, in substance, that the hearing accorded him by the judge was not the full hearing to

which he was entitled as matter of law. It is settled that he was entitled to present all the evidence in his possession that was pertinent to the issue involved, to learn and meet the claims of the petitioners, and to be heard upon the evidence adduced. *Dolan* v. *Roy*, 286 Mass. 519, 521. See *Boott Mills* v. *Board of Conciliation & Arbitration*, 311 Mass. 223, 227, and cases cited. It is also settled that nothing can be treated as evidence which is not introduced as such. *American Employers' Ins. Co.* v. *Commissioner of Insurance*, 298 Mass. 161, 167.

In the instant case no evidence was introduced at the hearing in any formal way. The statements of alleged facts by the respondent's counsel were disputed by counsel for the petitioners. Those stated by the judge from his recollection of testimony referred to as having been given by the respondent at a prior hearing before the judge of an unrelated proceeding between the same parties were not agreed to by counsel for the respondent, and the evidence given by the respondent in that proceeding, contained in a transcript of evidence which the judge proposed to use to refresh his recollection, was not put in evidence in the present case. The respondent was given no opportunity to examine either of the petitioners as to the circumstances under which the judgment in question was obtained or with relation to whether the proposed compromise was advantageous. The determination of those questions would not of necessity involve a collateral attack upon the judgment entered in the Superior Court, which was not open to such attack. See *Noyes* v. *Bankers Indemnity Ins. Co.* 307 Mass. 567, 569.

In *Dwyer* v. *Dwyer*, 239 Mass. 188, 190, the court said that when "there is no controversy concerning facts stated by counsel, or when from the discussion on both sides material facts not in dispute are elucidated, then the court may take these facts as agreed for the purpose of the trial and decide the case accordingly. Pertinent facts disclosed on the record of the case may be considered because they are not open to contradiction and import incontrovertible verity. . . . When a case is presented for adjudication in

this way, it is the duty of the judge in framing a report to set out the substance of such agreed or undisputed facts. They stand in place of the evidence. They become the foundation for the decision."

In the present case, however, there were no agreed or undisputed facts except the existence of the judgment and the offer of compromise. The respondent requested the judge to report the material facts found by him upon which he based his decision. This request was denied, as appears from the docket entries before us, which import verity. It does not appear that the respondent appealed from this action of the judge. Thereafter, the judge filed a memorandum which is not set forth in the record. The parties agreed in argument before us that we might consider this memorandum as if it had been set forth in the record. We have examined it with some hesitation. See *Birnbaum* v. *Pamoukis*, 301 Mass. 559, 561, 562. It purports to find not agreed facts but facts stated by the judge to be founded upon evidence taken by him in another proceeding to which we have already referred. But that evidence was not adduced in the trial of the present case and, as far as summed up there by the judge, was not agreed to by the respondent. The remaining findings are preceded by a statement of the judge that he fully heard counsel on the advisability of compromising the "execution," and are to the effect that any attempt to defeat it would be "based upon testimony and claims which could not possibly have any substantial foundation" and would cost the respondent and his guardians substantial sums of money. But as we read the record the judge did not hear any testimony upon which to base those findings. The memorandum does not state any agreed or undisputed facts upon which the conclusions stated therein are rested. We must look to the record, an examination of which compels the conclusion that the respondent was not accorded that full hearing to which he was entitled under the principles set forth above.

<div style="text-align:center">

*Decree dismissing appeal reversed.*

*Decree granting leave to compromise reversed.*