**STATE of Missouri, Respondent,**

v.

**Don Allen TAYLOR, Appellant.**

**No. 53659.**

Supreme Court of Missouri,
Division No. 1.

Nov. 12, 1968.

Norman H. Anderson, Atty. Gen., Jefferson City, Lawrence O. Willbrand, Sp. Asst. Atty. Gen., St. Louis, for respondent.

James H. Anderson, Martin Anderson, Kansas City, for appellant.

HIGGINS, Commissioner.

Appellant, charged by information with burglary, second degree, and stealing, Sections 560.070 and 560.110, V.A.M.S., was convicted by a jury of stealing property of a value of $50, Sections 560.156 and 560.161, V.A.M.S. The jury assessed his punishment at two years in the custody of the Department of Corrections and sentence and judgment were rendered accordingly.

Jack Bernard, Branch Manager, Snap-On Tools Corporation, 3150 Terrace Street, Kansas City, Jackson County, Missouri, closed and locked his premises at 3:00 p. m., Saturday, August 19, 1967, and stacked some tool-box cartons in front of the back door. When he returned to the premises at 7:30 a. m., Monday, August 21, 1967, the back door had been pried open, the tool-box cartons had been moved, and tools valued in excess of $16,000 were missing. No one had permission to enter the premises or to remove any tools over the weekend. Defendant had never been an employee or customer of Snap-On. Mr. Bernard identified a quantity of the stolen tools at the police station a few days after the burglary and theft. One of the tools identified was a "Blue Point" impact gun valued at $115, Exhibit 1 in evidence.

During investigation following discovery of the burglary, one of the tool box cartons was found outside the back door. Detective Roland Eldridge cut the top from the box, Exhibit 6 in evidence, and gave it to Sergeant Don Lyon in the Kansas City Police Department Laboratory for a test for possible fingerprints.

On August 22, 1967, Detective Eldridge was called to the Admiral Motel at Admiral and Paseo in Kansas City where he observed a van-type truck with doors open and several boxes inside. He observed defendant inside the van and the boxes in the van contained the tools later identified by Mr. Bernard as those taken from Snap-On.

Detective Robert M. Hardesty saw the van enter the motel parking lot and watched the van occupants, including defendant, unloading the tool boxes. He called Detective Eldridge and arrested defendant.

Sergeant Lyon received Exhibit 6 from Detective Eldridge. He identified Exhibit 9 in evidence as a piece of Exhibt 6. Exhibit 9 showed a latent print which he "raised" or "lifted." He delivered Exhibit 9 to Detective Bennie Morris Midgley, latent fingerprint technician in the Kansas City Police Department, whose duties were to examine raised latent fingerprints and compare them with known ink prints. Detective Midgley took ink finger and palm prints of defendant August 23, 1967. These prints were on a card, Exhibit 13, in evidence. In his opinion, "the latent impression that appears on * * * Exhibit 9 is identical with the left palm impression of the defendant which appears on State's Exhibit 13." He was then given and asked to identify what was marked as State's Exhibit 14.

"A The photographic enlargement that appears on the left side of State's Exhibit 14—Q (Interrupting) Would you show it to the jury so that we can—A (Interrupting) This photograph (indicating) on the left side of State's Exhibit 14 is an enlarged portion of the left palm impression of Donald Allen Taylor that appears on State's Exhibit 13. The photograph enlargement that appears on the righthand side of State's Exhibit 14 is an enlargement of the latent impression that appears on the cardboard marked State's Exhibit 9." The witness then demonstrated by Exhibit 14 twelve similar characteristics between the latent print and the inked impression. "I have marked 12, however there are possibly 20 or more."

Appellant testified that on August 22, 1967, he rented a van-type truck in order to move his furniture. While having coffee he engaged in conversation with a man who ultimately employed him to transport some material from another truck. He followed the man to 3400 Warwick where he found a truck loaded with boxes of tools. The man said he was a salesman for Snap-On Tools and wished the load transported to the Admiral Motel where he was arrested. He denied the burglary and theft; he had no prior criminal record.

The foregoing statement is sufficient to demonstrate that the State made a case; and appellant does not question the sufficiency of the evidence except to contend "the verdict was unwarranted under the evidence, it being inconsistent by the exhibits admitted by the Court." Appellant clarifies his contention, stating, "It is a well-established rule that in order for the defendant in a criminal trial to take advantage of an error claimed, regarding an exhibit, he make an objection to the exhibit at the time it is offered. It must first, however, be established that the exhibit is offered before such objection can be taken and in the event no exhibit is offered the defendant is denied the right to make an objection and preserve his record regarding that exhibit, thus and thereby denying him substantial rights. * * * The defendant was prepared at all times to object to the introduction of State's Exhibit No. 14 but the same was never introduced into evidence by the state nor received in evidence by the court * * *, although marked * * *, it was never received." He argues that he was prejudiced in that the jury was permitted to consider Exhibit 14 in reaching a verdict when it was not in evidence.

The difficulty in appellant's position is that Exhibit 14, of which he complains, was in evidence and without objection just as certainly as if it had been formally "introduced" or "offered" by the state and "received" by the court. Witness Midgley's testimony was adduced while the exhibit was held to the jury's view and through over four pages of transcript he demonstrated the similarities shown by the exhibit between defendant's actual ink print and the raised latent print. All this took place without objection. The prosecuting

attorney referred to Exhibit 14 when he argued to the jury that the hand of the man that made the print on top of the box, Exhibit 6, was the hand of the man that broke into Snap-On Tools and took the tools, and there was no objection to this reference except to say the argument invaded the province of the jury. Appellant also acknowledged the exhibit's presence in evidence by reference to Exhibit 14 in argument: "Now you gentlemen have had the benefit of looking at the State's Exhibit 14, which is alleged to be a comparative print taken from a box * * *." These circumstances are akin to those in Charles v. Patch, 87 Mo. 450, 467, where the point on appeal was that a certain plat was not offered or introduced in evidence. The record showed that the plat in question was shown and handed to the witness who, standing in the presence of the jury, pointed out and showed thereon the lot in question. The court held that where that was done in the presence and sight of the triers of fact it could not be said that the plat had not been introduced in evidence. Likewise, in Godsy v. Thompson, 352 Mo. 681, 179 S.W.2d 44, 48[6], Rule 30 requiring a railroad, in switching movements, to ring the engine bell, was read by counsel in the presence of the jury, and the court held the rule was in evidence although not formally introduced. See also Baker v. Atkins, Mo. App., 258 S.W.2d 16, 21[11].

Appellant offers citations for the proposition that "nothing can be treated as evidence which is not introduced as such," but they are not in point because in each of them the questioned evidence was never before the trier of fact. In American Employers' Ins. Co. v. Commissioner of Insurance, 298 Mass. 161, 10 N.E.2d 76, 78 [3], an insurance examiner's report which was at all times in counsel's file was in no way before the jury and therefore could not be considered as evidence in support of the conclusion reached by the court. In Graves v. School Committee of Wellesley, 299 Mass. 80, 12 N.E.2d 176, 180[14], a school superintendent was wrongfully ousted where only allegations by the school committee were considered and no evidence was offered to support them. Harvey v. Waitt, 312 Mass. 333, 44 N.E.2d 629, 633[7], involved an order compromising a demand against a spendthrift which was overturned because it was bottomed on allegation alone without evidence to support it. In Crescent Cigar & Tobacco Co. v. Mire, La.App., 145 So. 17, 18[5], a party pleading for benefits under an ordinance could not secure relief when the ordinance was never in evidence. United States v. Abilene & Southern Ry. Co., 265 U.S. 274, 288, 44 S.Ct. 565, 68 L.Ed. 1016, reversed an administrative tribunal where no evidence was before the tribunal to support its finding. In Neenan Co. v. Tip-Top Plumbing & Heating Co., Mo. App., 429 S.W.2d 335, 338, delivery tickets necessary to support the judgment were never put in evidence.

Matters of record for examination under Criminal Rules 28.02 and 28.08, V.A.M.R., are free of error.

Judgment affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All of the Judges concur.