NATIONAL WEBSTER BANK *vs.* ELIZABETH T. ELDRIDGE.

Suffolk.    March 19. — September 4, 1874.    AMES & DEVENS, JJ., absent.    ENDICOTT, J., did not sit.

Where a testator directs that the judge of probate shall approve of the appointment of a trustee, to be made by persons designated by his will, the person occupying the office of judge of probate acts under the authority conferred upon him by the will, and not as a court or judicial officer, and notice to the parties in interest is not required.

The provisions of the Gen. Sts. c. 100, § 9, do not operate to vest the title to trust estates in trustees not appointed under the provisions of that statute.

If an appointment by deed under the provisions of a will, which devises an estate to trustees, with power to appoint others to supply vacancies as they may occur, and which declares "that the new trustees so appointed shall have the same power, right and interest touching the trust premises, as if herein appointed trustees," does not operate as a good appointment of the estate by which the title will vest in the trustees by force of the devise itself, it will remain in the survivors of the original trustees as a naked trust, and upon the execution of a power of sale conferred upon the trustees by the will, it will pass to the purchasers by force of the terms of the devise, and by their deed under the power.

Where a demurrer was filed to a bill in equity for the specific performance of an agreement to purchase real estate, and the defect in the plaintiff's title was afterwards cured, *Held,* that whether the bill could be maintained must be determined on all the equities of the case after answer filed.

BILL IN EQUITY for the specific performance of an agreement to purchase real estate.

The material allegations of the bill were as follows : In the year 1855 John Dorr, of Boston, died, leaving a last will and testament, which was thereafter duly proved and allowed by the Probate Court for the county of Suffolk. At the time of his death Dorr was the owner of an estate in Boston, situated on the

corner of Milk Street and Sewall Place, known as Sewall Block.
By the terms of the will Sewall Block was, with other property,
devised and conveyed to John Dorr, Junior, Charles Hayward
and Peter Wilder Freeman, trustees, upon certain trusts in the
will declared.  The trustees and their successors were authorized,
whenever they should deem it expedient, to sell said Sewall Block
at public auction, and to convey the same to a purchaser or pur-
chasers, free and discharged from any obligation to see to the
application of the purchase money.  The will expressly relieved
the trustees above named and all future trustees under it from
giving bonds, unless the judge of probate having jurisdiction
should deem it necessary, upon the petition of a person or persons
interested in the trust estate.  The will further provided as fol-
lows : " And if either of said trustees shall die or shall refuse to
accept or shall relinquish said trust or be removed therefrom, the
surviving or other trustees or trustee shall, by any writing signed
and sealed by them or him, appoint some other suitable person or
persons, to be approved by the said judge of probate, or by any
justice of the Supreme Judicial Court of said Commonwealth,
to be a trustee or trustees in the place of the trustee or trustees
so dying, refusing, resigning or removed ; and in default of such
appointment, whenever and as often as the same shall be neces-
sary, I direct that a new trustee or that new trustees shall in
every such case be appointed by the said judge of probate or by
one or more of the said justices ; and the new trustee or new
trustees so appointed shall have the same power, right and in-
terest touching the trust premises and be subject to the same
duties and liabilities as if herein appointed trustee or trustees.
And it shall be lawful for any or either of my trustees to relin-
quish said trust at pleasure.  And in case of the death, resigna-
tion or removal of any or either of my trustees, I hereby declare
that the trusts, powers and duties hereby created and assigned
to them may be executed and discharged by the remaining trus-
tees or trustee for the time being."

The said Dorr, Hayward and Freeman accepted the office of
trustees under said will, and duly qualified and acted as such.
Shortly afterwards Hayward deceased, and in December, 1855,
Theodore H. Dorr was appointed in his place by the surviving
trustees, and was approved as such trustee by the judge of pro-

bate for the county of Suffolk. In June, 1867, John Dorr and Theodore H. Dorr resigned their offices, and in August of the same year, upon the appointment by the remaining trustee, Freeman, and approval by the judge of probate, Richard B. Lawrence and Ellerton L. Dorr became trustees in their stead, and have ever since acted as such. In June, 1869, upon the decease of Freeman, John D. Bryant, upon the nomination of the remaining trustees, and approval by the judge of probate, became trustee in his stead, and has ever since acted as such. No bonds were ever required of, or given by, any of the above-named persons as trustees under said will, nor any conveyance or conveyances of the trust property made by any of them to his or their successors in said trust. Nor prior to the appointment and approval of the new trustees, as above set forth, was any notice given or any order of notice issued to or upon parties interested.

September 5, 1871, the trustees Lawrence, Dorr and Bryant, in the due exercise of the discretion and authority reposed in them by the will, and having previously given the notices required thereby, sold the real estate known as Sewall Block at public auction. The plaintiff purchased the same, and on September 25 received due conveyance thereof in fee from the trustees, and has ever since been seised and possessed of the same. March 21, 1873, the plaintiff sold the same to the defendant by a written agreement, and the plaintiff, after doing all things on its part required to be done by the said agreement, tendered to the defendant a good and sufficient deed of conveyance of the real estate, and requested her to accept the same and to pay the sum of money stipulated to be paid by the terms of said agreement, and that she refused so to do.

The defendant demurred to the bill, and assigned as causes of demurrer: That the plaintiff's bill disclosed that it could not make a good title to the estate therein described, because, 1. If the appointment of trustees under John Dorr's will, or the approval thereof, was vested in the Probate Court and the judge of probate in his official capacity, each and every of the appointments of new trustees made under said will was invalid for want of notice and for want of bonds. 2. If said appointments and approval were vested in the individual holding the office of judge of probate and not in the court, as such, then upon each and every ap-

pointment and approval made under said will there should have been, as there are not, conveyances from the respective trustees to their successors in the trust.

An amendment to the bill was subsequently made, alleging that after the time at which the conveyance was stipulated to be made, John Dorr, the survivor of the trustees appointed under the will, made a deed of release and quitclaim of all his right, title and interest in the trust estate to the present trustees, the grantors in the deed to the plaintiff, and that after the execution of said deed to the present trustees, they had executed a deed of quitclaim to the plaintiff.

The case was reserved on the bill and demurrer, for the consideration of the full court.

*A. Lincoln,* for the defendant.

*B. F. Thomas,* for the plaintiff.

WELLS, J. The estate in question was devised to three trustees, with full power to sell and convey. In case of a vacancy in their number, the remaining trustees or trustee were empowered and directed to appoint others to fill the place, " by any writing signed and sealed by them or him," to be approved by the judge of probate or by any justice of the Supreme Judicial Court, and in default of such appointment, the vacancy was to be filled by said judge or justice. During the continuance of such vacancy it was provided that " the trusts, powers and duties hereby created and assigned to them may be executed and discharged by the remaining trustees or trustee for the time being." Upon any new appointment being made in either mode, " the new trustee or new trustees so appointed shall have the same power, right and interest touching the trust premises, and be subject to the same duties and liabilities as if herein appointed trustee or trustees." By the demurrer the facts are admitted to be as set forth in the bill; to wit, that the present trustees have received their appointment and have succeeded to the places of the original trustees " in manner and form as provided by said will," viz., by writing of appointment signed and sealed by the persons designated to appoint, and the approval of the judge of probate : also that the sale was conducted and the conveyance made to the plaintiff, according to the terms of the power.

Objection is made, in the first place, that the appointment of the new trustees successively is invalid because no notice was given of the proceedings in the Probate Court. But upon such an appointment the judge of probate acts under the authority conferred upon him by the terms of the will, and not by virtue of his general authority as a court or judicial officer under the statutes establishing the court and defining its jurisdiction. *Shaw* v. *Paine*, 12 Allen, 293. It was not a judicial proceeding, and therefore required no notice.

The appointment of the trustees not having been made under the authority of the statute, it would follow, as is contended by the defendant, that the provisions of the Gen. Sts. c. 100, § 9, would not operate to vest the title in them. But we are inclined to the opinion that such an appointment by deed, under the directions of a will which devises the estate to trustees, with power to appoint others to supply vacancies as they may occur, and which declares that the new trustees so appointed " shall have the same power, right and interest touching the trust premises " as if herein appointed trustees, may operate as a good appointment of the estate by which the legal title will vest in the new trustees by force of the devise itself.

If the title did not so vest, it remained in the surviving original trustee as a naked trust; and upon the execution of the power of sale, expressly conferred upon the new trustees, it would pass to the purchaser by force of the terms of the devise and by their deed under the power.

The conveyance of all his right and interest in the legal title to the new trustees, by the survivor of the original trustees, and their second deed to the purchaser in confirmation of the title supposed to have been previously conveyed, removes whatever of doubt there could have been before as to the sufficiency of the plaintiff's title. This has been done since the time when the agreement was to have been performed, it is true ; but whatever weight may be due to that circumstance, it is a matter to be considered in the final determination of all the equities of the case. For the purpose of presenting those the defendant must answer to the merits. *Demurrer overruled.*