## A. A. POPE, ET AL., TRUSTEES, PETITIONERS.

Suffolk, October, 1904.

*Trust — New Trustee — Lack of Both Deed and Appointment by Court — Transfer of Title by Operation of Statute.*

In this case the Examiner raises the question whether title will pass from one set of trustees to another without either a deed of conveyance or appointment by the Probate Court, a question which seems to be left by the text books as somewhat in doubt, and on which there are no decisions under the present statutes. Notes on the Revised Laws, Chap. 147, Sec. 6; Notes on Common Forms, p. 226; Fuller's Probate Law, Chap. 147, Sec. 6.

The declaration of trust under which this property is held provided fully for the resignation and removal of trustees and the appointment of new trustees in their place, and further provided that " each and every new trustee shall have the same power, right and interest touching the trust estate, and be subject to the same duties as the original trustee appointed hereunder." Trustees have died, resigned and been removed, and new trustees have been appointed in accordance with the terms of the declaration.

Under the General Statutes (c. 100, sec. 9) title vested by operation of law in a new trustee appointed by the Supreme Judicial or Probate Court.

This provision applied solely, however, to an appointment made by the Court in its judicial capacity and under its statutory authority. Where a new trustee was merely " named " by a Judge of one of those Courts as the person

designated for that purpose by the instrument creating the trust, the statute did not apply and title did not pass to such new trustee thereunder. Nat. Webster Bank *v.* Eldredge, 115 Mass. 424.

After the decision in the Webster Bank case, and apparently in consequence of it, Chapter 254 of the Acts of 1878 was passed, providing that the provisions of Section 9 of Chapter 100 of the General Statutes should apply to trustees " chosen or appointed in conformity to any written instrument creating a trust in place of former trustees thereunder."

Although Webster Bank *v.* Eldredge is cited in Mr. Crocker's Notes on the Statutes (Notes on Public Statutes, p. 368, Notes on Revised Laws, p. 460), the Act of 1878 seems to have escaped observation.

Chapter 141 of the Public Statutes, Section 6, provided that a new trustee appointed by the Probate Court in judicial proceedings or appointed in the place of a former trustee in conformity with a written instrument creating a trust, shall have the same powers, rights and duties as if he had been originally appointed, and the trust estate shall vest in him in like manner as in the trustee in whose place he is substituted, and the Court may order any conveyances which it may deem proper or convenient to vest the estate in the new trustee. This left out the phrase " chosen or appointed " employed in the 1878 act, but it was clearly not intended to change the law and thereby eliminate such cases as the one at bar from the operation of the statute. The word " appointed " must be held to cover all methods of designation of the new trustee, either by the Court in conformity with its statutory authority, or otherwise in conformity with the provisions of the instrument creating the trust.

In the Revised Laws, Chapter 147, Section 6, the clause providing that the trust estate shall vest in the new trustee has been omitted, while that providing that the Court may

order such conveyance as it may find proper or convenient to vest the estate in the new trustee has been retained, and this obviously troubles the Examiner. The omission of the clause as to the estate vesting must be deemed to be merely for the purpose of effecting what the Commissioners on the revision of the statutes considered the elimination of unnecessary verbiage, and not a material change in the law. The statute still provides that the new trustee shall have the same powers, rights and duties as if he had originally been appointed. The retention of the clause providing for a conveyance seems to relate solely to the case of a new trustee appointed by the Court. This last clause itself might perhaps have been much better omitted, as is very vigorously suggested by Judge Fuller in his notes on this chapter above cited.

On the whole however it would appear that whether under the provisions of Chapter 254 of the Acts of 1878, Chapter 141 of the Public Statutes, or Chapter 147 of the Revised Laws, no conveyance is necessary from an old to a new trustee chosen or appointed in his place in conformity with the provisions of a written instrument creating a trust, but that the estate vests by operation of law.

Decree for petitioner.