JOHN W. SCHENCK *vs.* CHARLES H. BUCKLEY, administrator.

Suffolk.    October 9, 1940. — October 31, 1940.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Probate Court,* Jurisdiction, Notice, Appointment of administrator.
    *Executor and Administrator,* Appointment, Public administrator.

The issuance of a warrant to a public administrator under G. L. (Ter.
    Ed.) c. 194, § 8, for an examination and return respecting estates
    which had been under administration by a deceased public adminis-
    trator did not preclude the court, on written request by an heir in-
    terested in one of such estates, from exercising the jurisdiction given
    by § 5 and appointing an administrator *de bonis non* thereof without
    notice to the public administrator acting under the warrant.

PETITION, filed in the Probate Court for the county of
Suffolk on November 17, 1939.

The case was heard by *Prest,* J.

*J. W. Schenck, pro se.*

*C. J. McCarthy,* for the respondent, submitted a brief.

DOLAN, J.  This is a petition for the revocation of a de-
cree, entered in the Probate Court, appointing the respond-
ent administrator of the goods not administered of the
estate of John Cronin, late of Boston, deceased.  The case
comes before us on the appeal of the petitioner from the
decree entered by the judge denying and dismissing the
petition.

The deceased died in March, 1939, and on April 27, 1939,
one Orlandini was appointed public administrator of his
estate.  On July 19, 1939, the respondent filed a petition
praying that he be appointed administrator of the estate
of the deceased.  In his petition the heirs of the deceased
were recited to be two sisters, Jane and Lena Cronin, resi-
dents of "Ireland."  This petition was assented to in writ-
ing by Jane, who also executed a power of attorney to the
respondent.  Lena was described in the petition as an in-
sane person.  Orlandini died October 4, 1939, and on that
day the petitioner, who is a public administrator for the

county of Suffolk, was appointed to examine the accounts of Orlandini as public administrator and to return to the Probate Court "a statement of all such estates as are not fully administered and of the balance of each estate remaining in the hands of such public administrator at the time of his death . . . ." G. L. (Ter. Ed.) c. 194, § 8.

Under § 8 it is further provided that "thereupon the court shall issue to the public administrator making the return, upon his giving the requisite bond, letters of administration upon such of said estates as are not already administered, although the personal property remaining may not amount to twenty dollars." On October 9, 1939, a decree was entered appointing the respondent administrator *de bonis non* of the estate of the deceased. On November 3, 1939, the petitioner filed his return upon the warrant issued to him to examine the accounts of Orlandini as public administrator. The return set forth a list of the estates of which Orlandini had been appointed public administrator, which included the estate of the deceased, and prayed that the petitioner be appointed public administrator of those estates. On the same day a single decree was entered appointing the petitioner public administrator of the estates listed in the report.

The petitioner contends that under G. L. (Ter. Ed.) c. 194, § 8, the provision, that upon the return of a warrant issued thereunder the court shall issue to the public administrator making the return letters upon such of the estates as have not been fully administered, is mandatory, and that the judge was without authority after the warrant was issued to the petitioner to appoint the respondent, and, in the alternative, that the judge was without authority to appoint the respondent without notice to the petitioner.

These contentions cannot be sustained. The statute relating to the appointment of public administrators "as a whole ought, if possible, to be so construed as to make it an effectual piece of legislation in harmony with common sense and sound reason." *Morrison* v. *Selectmen of Weymouth*, 279 Mass. 486, 492. By G. L. (Ter. Ed.) c. 194, § 5, it is provided that "Administration shall not be granted to

a public administrator when . . . an heir of the deceased, in writing, claims the right of administration or requests the appointment of some other suitable person to the trust . . . ." By § 7 as amended by St. 1933, c. 100, it is provided that "If, after the granting of letters of administration to a public administrator and before the final settlement of the estate . . . an heir of the deceased, in writing, claims the right of administration or requests the appointment of some other suitable person to the trust, the probate court may, in its discretion, grant letters of administration accordingly . . . ." Prior to the enactment of this amendment, the grant of letters of administration to an heir in the circumstances set forth in § 7 was mandatory.[1]

In the instant case, at the time of the appointment of the respondent as administrator of the estate of the deceased, the former public administrator had died, and the petitioner had not been appointed as such. In these circumstances it would seem manifest that the respondent was properly appointed. To construe the issuance of a warrant to a public administrator as giving to him an exclusive right to be appointed in all cases involved, upon the filing of his return, would be to contravene the obvious intent of the other provisions of the statute to which we have referred. It is manifest that, after the issuance of the warrant, the judge would have no less power to grant administration to an heir than he would have under § 7 had the appointment of the petitioner been perfected prior to that of the respondent. In the present case no administrator was in office when the respondent was appointed. Upon the presentation of his petition, at the request in writing of an heir, the court was without power under § 5 to grant administration to the petitioner as a public administrator. The decree appointing the respondent imports a finding that he was a suitable person within the meaning of § 5.

That §§ 5 and 7 are silent as to notice is not decisive, but in the circumstances of the present case we think that it cannot be said that the principles of natural justice re-

---

[1] See Eighth Report of the Judicial Council of Massachusetts, page 52.

quired that the petitioner be given notice of the respondent's petition for appointment as administrator of the estate of the deceased.  See *Hellier* v. *Loring*, 242 Mass. 251, 252.

*Decree affirmed.*