G. WARREN HIRSHSON & another *vs.* JOHN PHILIP GORMLEY & another.

Bristol.   October 27, 1947. — December 4, 1947.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Probate Court*, Appeal.   *Guardian*, Of minor.

The mere facts, that petitioners for guardianship of the person and estate of a young child were greatly attached to the child, that the child had been in their care for a year, and that they had a money claim against the parents for such care, did not constitute them persons "aggrieved" by and entitled to appeal from a denial of the petition.

PETITION, filed in the Probate Court for the county of Bristol on April 16, 1947.

The case was heard by *Hitch*, J.

*W. B. Perry, Jr.*, for the petitioners.

*S. Barnet*, for the respondents.

WILLIAMS, J.   The petitioners, who are husband and wife, were appointed temporary guardians of the person and estate of M. Camille Gormley, a minor, by decree of the Probate Court on April 18, 1947.   This decree was revoked after hearing by decree dated May 20, 1947, and by the same decree a petition of the same persons for their appointment as permanent guardians of the person and estate of the said minor was dismissed.   From this decree the petitioners have appealed.

The evidence, which is reported, discloses the following facts.   The respondents, and present appellees, are the father and mother of the child.   On May 9, 1946, the mother left her, then eighteen months old, with the petitioners under an arrangement with them to pay $10 weekly for her care and for necessary clothes and medicines.   The father, who was in the navy, was sending a substantial allotment regularly to his wife.   The mother, not in the best of health, was earning irregularly $45 per week as a dancer.   She had two older children by a former marriage,

one of whom also was being boarded out. The petitioners continued to keep and care for the child entrusted to them, although after the initial payment they received no money from either parent. The mother visited the child but twice and rarely corresponded with the petitioners. They heard nothing from the father after his discharge from the navy in October, 1946. They became increasingly fond of the child and, because of the apparent neglect of the parents, on April 16, 1947, filed the petitions with which we are here concerned. At that time the money expended by them for the benefit of the child plus the unpaid board totalled $670.22.

In the decree entered by the judge he states that the "petitioners have had said child since May 9, 1946, and have given her most excellent care and have become greatly attached to her, but that the parents now want to have said child with them, and . . . [that he is] unable to find that both parents are unfit to have said child."

We must first consider the jurisdiction of this court over the appeal. Other than one seeking to enforce a public or official right, to be a person aggrieved and therefore entitled to appeal under G. L. (Ter. Ed.) c. 215, § 9, it must appear that the person has been affected in some pecuniary interest or personal right. *Lawless* v. *Reagan*, 128 Mass. 592. *Smith* v. *Bradstreet*, 16 Pick. 264. *Hayden* v. *Keown*, 232 Mass. 259. *Finer* v. *Steuer*, 255 Mass. 611. *Reed* v. *Home National Bank*, 297 Mass. 222. In *Lawless* v. *Reagan*, 128 Mass. 592, the stepmother of minor children whose parents were both dead and whose grandmother had been appointed their guardian was held not to be a person aggrieved and entitled to appeal from the decree. The court said, at page 594, "It would greatly obstruct and delay the proceedings of the probate courts if persons having no legal interest in the result, and no motive except that of affection and friendship for those who have a legal interest, could be permitted to appeal from the decree of that court." In *Delaney* v. *Cook*, 256 Mass. 203, a "cousin and next friend" who sought to remove a grandfather as guardian of minors was denied the right of appeal. A guardian of an insane ward has no

right to appeal from a decree discharging him from his trust on the ground that his ward is no longer insane. *Ensign v. Faxon,* 224 Mass. 145.

In the present case the petitioners are influenced by their affection for the child. They have no personal rights affected by the decree. The money claim which they may have against the parents or the possibility of receiving fees or emoluments as guardians is not sufficient to give them standing on the ground of pecuniary interest. They are not persons "aggrieved" under the statute and this court has no jurisdiction of their appeal. It follows that it must be dismissed.

.*So ordered.*