GEORGE K. BLACK *vs.* WILLIAM JAMES DOBBINS & others.

Middlesex. February 8, 1950. — April 3, 1950.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & COUNIHAN, JJ.

*Executor and Administrator*, Who may be administrator.

Under G. L. (Ter. Ed.) c. 193, §§ 1, 5, a judge of a Probate Court, upon a petition brought in behalf of some of the next of kin of an intestate by a reputable member of the bar for the appointment of the petitioner "or some other suitable person" as administrator, had discretionary power, although the petitioner was a suitable person, to appoint another suitable person where it appeared that an appearance had been entered for other next of kin in opposition to the petition and that a conference, suggested to counsel by the judge "to agree upon a person to serve as such administrator," brought no solution.

PETITION, filed in the Probate Court for the county of Middlesex on April 9, 1949, for the appointment of an administrator of the estate of Andrew Dobbins, late of Everett.

The case was heard by *Monahan*, J.

*S. DeBard*, (*G. K. Black* with him,) for the appellants.

*M. C. Goldberg*, for the respondent Glaser submitted a brief.

SPALDING, J. This is an appeal from a decree of the Probate Court appointing Louis H. Glaser of Malden administrator of the estate of Andrew Dobbins, late of Everett.

The judge made a report of material facts. The evidence is not reported.

The facts found by the judge were as follows: "The intestate died on the twentieth day of February, 1949, in Everett, leaving six heirs at law, none of whom lived in this Commonwealth. A petition was filed by the said Louis H. Glaser, a public administrator for the county of Middlesex, praying to be appointed a public administrator. Pending the appointment of a public administrator which required publication of a citation, the said Louis H. Glaser filed a petition for special administration in order to obtain authority to take immediate charge of the property of the deceased, which consisted principally of a grocery store containing perishable merchandise. A decree was entered appointing said Glaser special administrator, who qualified by filing a surety company bond. Subsequently, another petition for administration was filed by one George K. Black, . . . a reputable member of the bar of this Commonwealth, praying that 'he or some other suitable person be appointed administrator of the estate of said deceased.' This petition was assented to by . . . [the] appellants, the heirs named as William James Dobbins and Cassie Dobbins. [1] An appearance in opposition to said petition was filed by one M. Edward Viola, an attorney, on behalf of three of the heirs. At the hearing before me I suggested that counsel confer in order to agree upon a person to serve as such administrator. The conference brought no solution, however, and a report was made to the court which then appointed Louis H. Glaser, a reputable member of the bar, and a suitable person, to be administrator of the estate and ordered him to give a surety company bond in the sum of fourteen thousand dollars."

From the decree appointing Mr. Glaser, William James Dobbins and Cassie Dobbins, brother and sister respectively of the intestate, appealed.

The appellants contend that on the facts here the judge

[1] This petition, although brought by Mr. Black, recites that the "petitioner is requested to act by next of kin."

of probate was required to appoint their nominee, Mr.
Black, and that the appointment of Mr. Glaser was error.
We do not agree.   G. L. (Ter. Ed.) c. 193, § 1, reads as
follows: "Administration of the estate of a person deceased
intestate shall be granted to one or more of the persons here-
inafter mentioned and in the order named, if competent
and suitable for the discharge of the trust and willing to
undertake it, unless the court deems it proper to appoint
some other person: First, The widow or surviving husband
of the deceased.   Second, The next of kin or their guardians
or conservators as the court shall determine.   Third, If none
of the above are competent or if they all renounce the ad-
ministration or without sufficient cause neglect for thirty
days after the death of the intestate to take administration
of his estate, one or more of the principal creditors, after
public notice upon the petition.   Fourth, If there is no
widow, husband or next of kin within the commonwealth,
a public administrator."   See G. L. (Ter. Ed.) c. 194, § 4.
It is provided in G. L. (Ter. Ed.) c. 194, § 5, so far as here
material, that "Administration shall not be granted to a
public administrator when the husband, widow or an heir
of the deceased, in writing, claims the right of administration
or requests the appointment of some other suitable person to
the trust, if such husband, widow, heir or other person
accepts the trust and gives the bond required."

We agree, as the appellants contend, that the findings of
the judge are to be construed as establishing that Mr. Black
was a suitable person within the meaning of the statute just
quoted.   And we also agree with their contention that when
Mr. Black presented his petition, at the request in writing
of two of the heirs, the court was without power under § 5
to grant administration to Mr. Glaser as a public adminis-
trator.   *Schenck* v. *Buckley*, 307 Mass. 186, 188.   But the
court did not lack the power to appoint Mr. Glaser, as we
think it did, in another capacity, namely, as an ordinary
administrator.   We think that both the findings of the judge
and the decree make it plain that Mr. Glaser was not ap-
pointed to administer the trust qua public administrator.

Contrary to the appellants' contention, the judge of probate was not required, under G. L. (Ter. Ed.) c. 194, § 5, to appoint their nominee even though, as here, he was a suitable person. He could in his discretion appoint the appellants' nominee or some other suitable person. The precise question here presented seems never to have been decided heretofore, but we find nothing in either the wording of § 5 or its history which compels a different conclusion.

*Decree affirmed.*