Coles *v.* Goldie.

---

MABEL N. COLES *vs.* OMAN GOLDIE
(and three companion cases[1]).

Plymouth. April 5, 1960. — June 9, 1960.

Present: WILKINS, C.J., SPALDING, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Executor and Administrator,* Appointment, Special administrator. *Probate Court,* Decree, Order for decree, Appeal, Costs, Counsel fees. *Error,* Whether error harmful.

Upon petitions for administration of an intestate's estate, one by the decedent's husband and the other by a woman who designated herself in her petition as the daughter of the decedent but who was listed by the husband in his petition as a sister of the decedent, warranted findings by the Probate Court judge that the woman petitioner was the decedent's daughter, born out of wedlock, that she was brought up as a sister of the decedent and was uninformed of her true parentage until after the decedent's death, that she informed the decedent's husband shortly before he filed his petition that the decedent was her mother, that when he presented his petition for allowance he improperly failed to disclose this information, and that he was "not a suitable and competent person" to administer the estate justified the judge's appointment under G. L. c. 193, § 1, as matter of discretion, of the daughter as administratrix. [185]

Where a Probate Court judge signed his name to a blank form of decree appointing an administrator of an intestate's estate and the decree was then sent to the register, who did not enter it but directed the judge's attention to a prior petition for administration of the estate filed by another, whereupon the judge ordered that the "degree . . . signed in blank, be not entered," and it was not entered, the signed blank was merely an order for entry of decree, subject to the judge's power to withdraw or revoke it. [185–186]

---

[1] One of the companion cases is by Mabel N. Coles against Oman Goldie and two are by Oman Goldie against Mabel N. Coles.

Coles *v.* Goldie.

Upon the filing of two petitions for administration of an intestate's estate, it was within the probate judge's discretion to hold a hearing to determine the disputed relationship to the decedent of one of the petitioners. [186]

The situation confronting a Probate Court judge before whom two petitions for administration of an intestate's estate were pending, one by a woman claiming to be the daughter of the decedent and one by the decedent's husband, who claimed that the woman petitioner was a sister of the decedent, did not show that the judge exceeded his power and discretion under G. L. c. 193, § 10, in appointing a third person as special administrator of the estate, even though the estate was small and its major asset, real estate, was occupied by the husband. [186]

No error prejudicial to an appellant from decrees of a Probate Court appeared on the record in the disallowance of his motion to strike from the court's designation of papers on appeal an unnecessary transcript of a hearing. [186]

A Probate Court decree appointing the daughter of an intestate the administratrix of the intestate's estate improperly included a provision that "the fees and expenses of . . . [a] special administrator are to be paid out of the share" of the intestate's husband in the estate, even if the husband had acted unreasonably in litigating the daughter's relationship to the intestate and thereby had delayed her appointment; but the decree properly included under G. L. c. 215, § 45, a provision allowing a certain sum to the daughter "for her services and expenses," including counsel fees, "out of the share" of the husband. [187]

The admission in evidence of a certain birth certificate issued in a foreign country was not prejudicial in view of testimony of witnesses having personal knowledge of the birth. [187]

PETITIONS and motions relative to the estate of Christine H. Goldie, late of Brockton, heard in the Probate Court for the county of Plymouth by *Stone, J.*

*James A. Reilly,* for Goldie.

*Basil W. Flynn,* for Coles.

WHITTEMORE, J. 1. The Probate Court for Plymouth County on November 28, 1958, entered decrees (a) appointing Mabel N. Coles administratrix of the estate of Christine H. Goldie, late of Brockton, who died December 9, 1957, and (b) dismissing the petition of Oman Goldie, the deceased's husband, to be appointed administrator. Goldie appealed from these decrees. Except in the matter of an award of fees and expenses, see point 5, *post,* there was no error. Goldie filed his petition for appointment on January 27, 1958, listing as heirs at law and next of kin himself, five sisters including Mabel N. Coles, and two brothers. The judge, on evidence fully warranting the findings, found

that Mabel was the daughter of the deceased, born out of wedlock, brought up by the deceased's parents as a sister of the deceased, so dealt with by the deceased, and uninformed of her true parentage until after the deceased's death; that on December 28, 1957, Mabel informed Goldie that she had learned that the deceased was her mother; and that when Goldie presented his petition to the court for allowance on January 27, 1958 (which the judge signed· in blank on that day, but which was not completed and docketed, see point 2, *post*), he did not disclose his information that Mabel was a daughter. The judge found that this nondisclosure was improper and that Goldie "is not a suitable and competent person."

In the circumstances the appointment of the daughter rather than the husband lay within the discretion of the probate judge. G. L. c. 193, § 1. *Osborne* v. *Craig,* 251 Mass. 169, 171–172. *Black* v. *Dobbins,* 325 Mass. 587. See *Welch* v. *Flory,* 294 Mass. 138, 143; *O'Sullivan* v. *Palmer,* 312 Mass. 240; *Quincy Trust Co.* v. *Taylor,* 317 Mass. 195, 196–197.

2. Goldie also appealed from the denial of a motion to dismiss proceedings "subsequent to decree of January 27, 1958," the dismissal of a petition for revocation of the decree appointing Mabel, and the dismissal of a petition for revocation of the decree which had dismissed his petition for administration. There was no error. Although the judge stated in an earlier "memorandum" and in earlier "findings of fact" that the court had "appointed the husband," he supplemented these findings in his "Findings of Fact and Order for Decrees" of May 7, 1959, wherein he found that the decree form had been signed in blank and sent to the register who did not enter it but directed the judge's attention to Mabel's prior petition of January 20, 1958 (which recited, as heirs at law and next of kin, herself as daughter and Goldie as husband); that the judge ordered that the "decree . . . signed in blank, be not entered"; and that it was not entered. The signed blank was in effect an order for entry of decree, "subject to the disposition of the

judge, with full power to withdraw or revoke it." *Ambrozewicz* v. *Lane,* 283 Mass. 141, 143.

It was within the probate judge's power and discretion to hold a hearing to determine Mabel's relationship before deciding whether to appoint her or Goldie.

3. Goldie appealed from the decree of February 27, 1958, which, on the petition of Mabel, appointed a special administrator. No reversible error is shown. The judge found that Goldie had charged Mabel with taking property from the safety deposit box, and noted that there would be delay because of the pending contest over the relationship of Mabel to the deceased, and that his suggestion of appointing as administrators the two attorneys, counsel for Goldie and counsel for Mabel, had failed because Goldie insisted on his right to administer the estate, and that the judge felt there was occasion to investigate the charges made. As shown by the special administrator's inventory the estate was small ($971.67 personalty and $12,500 real estate), and the judge found the real estate was occupied by Goldie. The expense of special administration was burdensome and we think that it could have been avoided. We cannot rule, however, that the course pursued exceeded the judge's power and discretion. G. L. c. 193, § 10.

4. Goldie appealed from the disallowance of his motion to strike from the court's designation of papers on appeal a transcript of a hearing on the motion to dismiss and on the petitions for revocation of the decree discussed in point 2, *supra.* There was no reversible error. This transcript is all colloquy or argument or statements of counsel, judge or register as to earlier proceedings. All the essential facts appear to have been found in the "Findings of Fact and Order for Decrees" of May 7, 1959, which includes the statements: "I find that this motion to dismiss is frivolous and intended for purposes of delay. See transcript of hearing of January 29, 1959." These findings did not require this unnecessary extension of the record with consequent additional printing costs. The appellant is not, however, prejudiced in respect of any legal issue presented.

5. In the decree appointing Mabel administratrix the judge ordered that "the fees and expenses of the special administrator are to be paid out of the share of Oman Goldie in the estate . . . and the further sum of five hundred ($500) dollars is allowed to Mabel N. Coles for her services and expenses out of the share of said Oman Goldie in said estate." We think the fees and expenses of the special administrator should be paid from the estate without allocation to Goldie's share. We also think that the implied conclusion, after extended hearing, that Goldie acted unreasonably in litigating Mabel's relationship to the deceased, or in other respects, did not justify the allocation. We need not decide whether such a fee could be allocated. See G. L. c. 193, § 11; *Goodrich* v. *Henderson,* 221 Mass. 234, 237; *Hilton* v. *Hopkins,* 275 Mass. 59, 64. Compare G. L. c. 215, § 45.

Under § 45 costs and expenses "may be awarded to either party, to be paid by the other," and "expenses" may include counsel fees. *Spilios* v. *Papps,* 292 Mass. 145, 147–148. We assume the $500 allowed to Mabel to be paid out of Goldie's share was inclusive of Mabel's counsel fees. This was within the judge's discretion.

6. No error is shown, or prejudice, in the admission of an alleged birth certificate of Mabel, dated February 17, 1958, and issued at Halifax, Nova Scotia, on information returned February 10, 1958, in respect of the birth of a daughter to Christine MacRitchie (the deceased) on March 9, 1906. No exception appears to have been taken and it is plain from the testimony as to how this record came about that no credence would have been given the certificate, if the substantial evidence of sisters of the deceased who had personal knowledge of the birth had been disbelieved.

7. The decree of November 28, 1958, appointing Mabel N. Coles administratrix is modified by striking out all reference therein to the fees and expenses of the special administrator, and, as modified, that decree, together with the other decrees appealed from, are affirmed. No costs or expenses are to be awarded in connection with this appeal.

*So ordered.*