GEORGE M. LOVEJOY, JR., petitioner.

Dukes County. April 6. 1967. — June 7, 1967.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & REARDON, JJ.

*Trust,* Appointment of trustee. *Probate Court,* Appeal.

Life beneficiaries of a trust established by a will empowering the trustees to pay principal to them were, under G. L. c. 215, § 9, "aggrieved" by and entitled to appeal from a decree of the Probate Court appointing as a successor trustee one other than a petitioner for appointment to whose petition such beneficiaries had assented. [663]

Under a will nominating an individual trustee to act with a corporate trustee and a successor individual trustee and providing that, in the event of the death or resignation of both individuals or their inability or refusal to act, an individual trustee "be appointed in their place by the appropriate Court," a judge of the Probate Court in making such an appointment acted under the power conferred on that court by G. L. c. 203, § 5, and not in a nonjudicial capacity under authority conferred by the will. [663–664]

Where it appeared that all those interested in a testamentary trust gave their assent either personally or through a guardian ad litem to a petition by a highly qualified person under G. L. c. 203, § 5, to be appointed successor individual trustee, to act with a corporate trustee, it was an

abuse of discretion in the circumstances for the Probate Court to appoint another person, although he also was highly qualified; and the decree of appointment must be reversed and a decree appointing the petitioner entered. [665–666]

PETITION, filed in the Probate Court for the county of Dukes County on September 23, 1965, for appointment as a successor trustee under the will of Elmer Jared Bliss.

The case was heard by *Tarlow, J.*

*Bradley P. Howes* for the appellants.

*Allen Martin* for Henry E. Foley.

REARDON, J. This case comes to us on two sets of appeals from two decrees of the Probate Court for the County of Dukes County.

The first set comprises appeals by George M. Lovejoy, Jr., Elmer Jared Bliss, Jr., and Muriel H. B. Van Der Heggen from a decree appointing Mr. Henry E. Foley of Boston a successor trustee under the will of Elmer Jared Bliss in place of the Honorable Harold P. Williams, deceased. The testator died in 1945 and his will was allowed in the County of Dukes County. Under a clause in the will he left the entire residue of his estate to his trustees "to divide the same into moieties," the net income from one to be paid to Muriel H. B. Glasgow (now Muriel Van Der Heggen), his daughter, during her life. The net income from the other was to be paid to his son, Elmer Jared Bliss, Jr. Various powers were granted the trustees to pay principal on certain conditions to the beneficiaries. Provisions were made for payment of remainders to children of the life beneficiaries, with cross remainder provisions to be operative upon the occurrence of certain events. Under paragraph Tenth of the will the State Street Trust Company and the Honorable Harold P. Williams were nominated trustees and they were duly appointed. G. Robert J. Boggs was nominated successor trustee to Justice Williams but predeceased him. Paragraph Tenth also provided: "It being my desire that there shall always be a personal executor and trustee in office with the corporate executor and trustee, it is my will that in the event of the death or resigna-

tion of both said Harold P. Williams and G. Robert J. Boggs, or their inability or refusal to act as executor and/or trustee that an individual executor and/or trustee be appointed in their place by the appropriate Court." Upon the death of Justice Williams, Lovejoy filed on September 23, 1965, with the Probate Court of the County of Dukes County a petition to be appointed successor trustee. This petition was assented to by Muriel H. B. Van Der Heggen and Elmer Jared Bliss, Jr., and Muriel Glasgow Neuss and Joseph M. Glasgow, Jr., the only children of Muriel H. B. Van Der Heggen, and beneficiaries of the trust. There are no children or issue of deceased children of Elmer Jared Bliss, Jr. Following a citation which was issued on the petition, due notice was given to all interested parties. Mr. Henry Hixon Meyer of Boston was appointed guardian ad litem and next friend by the Probate Court on October 19, 1965, for Robert Kenrick Murray Neuss and William Magoffin Glasgow, who were minors and beneficiaries of the trust under the will, and for other persons not ascertained or not in being who were or might become interested in said petition. On November 8, 1965, the guardian ad litem assented to the appointment of Lovejoy. All living persons of full age interested in the will thus assented to the petition of Lovejoy and the assent of the guardian ad litem encompassed all others who might have an interest. On November 16, 1965, the Probate Court appointed Mr. Henry E. Foley as successor trustee. Following the appointment of Mr. Foley the appellants filed a request for a report of material facts on November 26, 1965. On February 8, 1966, the court filed its report of material facts. Lovejoy's qualifications were submitted to the court in a résumé[1] designated by the appellants to be printed in the record. The judge did not include the résumé in his designation. The appellants then printed it in an appendix to their brief. S. J. C. Rule 1:02 (6) (1967).

---

[1] The résumé indicated that Lovejoy was eminently qualified for the appointment, with a strong educational background and broad business and investment experience.

The second set of appeals is by the same appellants from a decree dated February 1, 1966, in which the court denied the prayers of petition by them to vacate its decree of November 16, 1965, but amended that decree by providing that Mr. Foley should give bond with sufficient sureties. No citation was issued on the petition to vacate and no hearing was held.

1. It is contended first on behalf of the appointed successor trustee that the appellants lack standing in that under G. L. c. 215, § 9, they are not persons aggrieved and that they do not have interests adversely affected by the decrees. "In order to give a right of appeal . . . it must appear that the party appealing has some pecuniary interest, or some personal right, which is immediately or remotely affected or concluded by the decree appealed from." *Lawless* v. *Reagan,* 128 Mass. 592, 593. *Hirshson* v. *Gormley,* 322 Mass. 130, 131, and cases cited. *Chase* v. *Switzer,* 331 Mass. 301, 303. The life beneficiaries plainly come within the statute since they are beneficiaries of full age of a family trust and have joined in agreement on the appointment of a successor trustee who they are confident will fairly and efficiently serve in the administration of the trust. The thwarting of their reasonable desires, as manifested by their assent to the Lovejoy petition, constitutes them persons aggrieved. We hold that the life beneficiaries have standing to appeal from the two decrees of the Probate Court. It is unnecessary, since the case is here in any event, to consider Lovejoy's standing.

2. We agree with the contention of the appellants that the case is governed by G. L. c. 203, § 5, which provides that "[i]f a trustee under a written instrument . . . dies . . . before the objects of the trust are accomplished and no adequate provision for filling the vacancy is made therein," the court, in this instance the Probate Court, shall appoint a new trustee.

The testator in the will provided that in the event of the death of both the named individual trustees "an individual . . . trustee be appointed in their place by the appropriate

Court.'' We construe this provision as a resort to the powers conferred on the Probate Court under the appropriate statute and not to the judge of probate acting in an individual nonjudicial capacity under the terms of the will. See *Shaw* v. *Paine,* 12 Allen, 293, 298; *Harvey* v. *Fiduciary Trust Co.* 299 Mass. 457, 467. In the cases relied upon by the appointed successor trustee for the latter proposition, *Shaw* v. *Paine,* 12 Allen, 293, *National Webster Bank* v. *Eldridge,* 115 Mass. 424, 428, and *Wilson* v. *Stump,* 310 Mass. 614, 616, the Probate Court in each case approved a trustee either named in the will or nominated by other surviving trustees acting under a power of appointment contained in the instrument. Thus, we do not accept the argument advanced in behalf of the successor trustee that the probate judge acted under the authority conferred upon him under the terms of the will and not by statutory authority.

In an instance where the Probate Court was not exercising a discretionary power accorded by statute, it was held not necessary to give notice or hold a hearing. See *Shaw* v. *Paine,* 12 Allen, 293, 298. In the case at bar, where the terms of the will do not clearly confer a power of appointment on the judge of the Probate Court as an individual rather than in his statutory capacity, it is necessary that he act in accord with the statute, which provides for an appointment ''after notice to all persons interested.''

3. We thus confront the question whether the probate judge has discretion to pass over Lovejoy on a petition brought under G. L. c. 203, § 5, and appoint another person as trustee. There is no question as to the suitability for the office of successor trustee of either Lovejoy or Mr. Foley, who is a leading member of the Boston bar and who on occasion has discharged exacting assignments for this court.

The question which we consider was expressly left open in *Home Natl. Bank, petitioner,* 341 Mass. 286, 291, whether in circumstances such as these the judge has ''complete discretion to pass over a petitioner not found to be unsuitable

and to fill the vacancy by the appointment of another whom he found to be suitable, or, in other words, whether he had an equal choice between two suitable persons, one named in the petition and one named by him.'' The question thus left open is squarely presented to us on the facts in this case.

In our view, where all parties in interest agree on the appointment of a particular successor trustee in the circumstances here presented and the nominee is not justifiably found to be unsuitable, the Probate Court, in the absence of facts strongly indicative of the necessity of a different appointment, should follow the wishes of the parties principally concerned. The desirable expansion of the trust device in family estate planning is largely dependent upon the mutual confidence of trustees and beneficiaries. The suitability of any prospective trustee is, of course, for the court, and its determination relative thereto is not to be governed by the unanimity of beneficiaries on the identity of a successor trustee. When, however, the beneficiaries unite on a qualified trustee, as they have in this case, we hold it to be arbitrary and capricious action and an abuse of discretion for the court to appoint a stranger to the parties concerned.

In this instance not only did the parties agree but a guardian ad litem of unusual competence approved the appointment of the petitioner Lovejoy as trustee. The appointed successor trustee has cited *Black* v. *Dobbins,* 325 Mass. 587, where it was stated that the probate judge was not required to appoint a nominee even though he was a suitable person. The facts in the *Black* case differ materially from those before us in that there was opposition to the appointment of the "suitable person" by heirs other than the petitioner, also parties in interest. No such situation obtains in the present case. We thus hold that where a petitioner seeks appointment as a successor trustee under G. L. c. 203, § 5, and all parties in interest, living or unborn or unascertained, are notified and assent to the petition, and the petitioner is a suitable person, the failure to appoint

such a person will constitute as it does here an abuse of discretion. We so hold in the interests of principles of trust administration appropriate to these days, and to the extent that this is in conflict with earlier cases we do not follow them.

The decrees of the Probate Court are reversed. A decree is to be entered appointing George M. Lovejoy, Jr., as trustee under the will of Elmer Jared Bliss in place of Harold P. Williams. Costs, expenses and counsel fees of the appellants are to be paid to them or to their counsel from the principal of the trust estate.

*So ordered.*